AO 257 (Rev. 6/78)

**FILED**
JUL 17 2008

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  SEE ATTACHMENT

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**DEFENDANT - U.S**

EDITH NELSON (a/k/a Edith Honrubia Nelson, a/k/a Edith Grutas)

**DISTRICT COURT NUMBER**

CR08-477 DLJ

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

IRS-CI and ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:     SHOW DOCKET NO.

☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant     MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   DEBORAH R. DOUGLAS, AUSA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:    Before Judge:

Comments:

## OFFENSES AND PENALTY SHEET

Defendant Edith Nelson (a/k/a Edith Honrubia Nelson, a/k/a Edith Grutas)

Count One: Title 18, United States Code, Section [Conspiracy to Commit Bank/Wire Fraud]

Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Counts Two Through Thirty-One: Title 18, United States Code, Section 1344 [Bank Fraud]

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

Counts Thirty-Two Through Sixty-One: Title 18, United States Code, Section 1343 [Wire Fraud]

30  years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

Count Sixty-Two: Title 18, United States Code, Section 1956(h) [Money Laundering Conspiracy]

The maximum penalty for a § 1956(h) conspiracy is the same as the penalty for the offense that is the object of the conspiracy, *i.e.*, 20 years for a § 1956 offense, and 10 years for a § 1957 offense as follows:.

Title 18, United States Code, Section
1956(a)(1)(B)(i) [Money Laundering]

20 imprisonment, three years supervised release, $500,000 fine or twice
the value of the property involved in the transaction, whichever is greater,
and $100 special assessment.

Title 18, United States Code, Section 1957 [Money
Laundering: Transactions Greater  than $10,000

10 years imprisonment, 3 years supervised release, $100 special
assessment, and $250,000 fine (or not more than twice the amount of the
criminally derived property involved in the transaction).

Count Sixty-Three Through One Hundred Thirteen: Title 18, United States Code, Section 1957 [Money Laundering: Transactions Greater  than $10,000

See penalties above

Count One Hundred Fourteen: Title 26, United States Code, Section 7201
[Income Tax Evasion]

5 years imprisonment, 3 years supervised release, $100,000 fine, and $100 special assessment.

Counts One Hundred Fifteen Through One Hundred Twenty-Six: Title 8, United States Code, Section 1324(a)(1)(A)(iii) [Harboring of Illegal Aliens]

5 years imprisonment, three years supervised release, $250,000 fine, $ 100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

— OFFENSE CHARGED —

SEE ATTACHMENT

☐ SUPERSEDING

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
JUL 17 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

— DEFENDANT - U.S —

▶ RONALD NELSON

DISTRICT COURT NUMBER

CR08-477 DLJ

— DEFENDANT —

— PROCEEDING —

Name of Complainant Agency, or Person (& Title, if any)

IRS-CI and ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    DEBORAH R. DOUGLAS, AUSA

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No     give date filed
Month/Day/Year
DATE OF ARREST ▶
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

## OFFENSES AND PENALTY SHEET

Defendant Ronald Nelson

<u>Count One: Title 18, United States Code, Section [Conspiracy to Commit Bank/Wire Fraud]</u>

Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

<u>Title 18, United States Code, Section 1344(1) & (2) [Bank Fraud]</u>

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

<u>Title 18, United States Code, Section 1343 [Wire Fraud]</u>

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

<u>Count One Hundred Fourteen: Title 26, United States Code, Section 7201[Income Tax Evasion]</u>

5 years imprisonment, 3 years supervised release, $100,000 fine, and $100 special assessment.

<u>Counts One Hundred Fifteen Through One Hundred Twenty-Six: Title 8, United States Code, Section 1324(a)(1)(A)(iii) [Harboring of Illegal Aliens]</u>

5 years imprisonment, three years supervised release, $250,000 fine, $ 100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

—— OFFENSE CHARGED ——

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  SEE ATTACHMENT

—— Name of District Court, and/or Judge/Magistrate Location ——

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

☐— DEFENDANT - U.S

▶ NELDA ASUNCION

DISTRICT COURT NUMBER

CR08-477 DLJ

**FILED**

JUL 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

IRS-CI and ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    DEBORAH R. DOUGLAS, AUSA

—— DEFENDANT ——

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
}
☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____
Month/Day/Year

DATE OF ARREST ▶ _____
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____
Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____  Before Judge: _____

Comments:

## OFFENSES AND PENALTY SHEET

Defendant Nelda Asuncion

Count One: Title 18, United States Code, Section [Conspiracy to Commit Bank/Wire Fraud]

Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Counts Two Through Twenty-Three: Title 18, United States Code, Section 1344 [Bank Fraud]

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

Counts Thirty-Two Through Fifty-Seven: Title 18, United States Code, Section 1343 [Wire Fraud]

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

Count Sixty-Two: Title 18, United States Code, Section 1956(h) [Money Laundering Conspiracy]

The maximum penalty for a § 1956(h) conspiracy is the same as the penalty for the offense that is the object of the conspiracy, *i.e.*, 20 years for a § 1956 offense, and 10 years for a § 1957 offense as follows:.

Title 18, United States Code, Section
1956(a)(1)(B)(i) [Money Laundering]

20 imprisonment, three years supervised release, $500,000 fine or twice
the value of the property involved in the transaction, whichever is greater,
and $100 special assessment.

Title 18, United States Code, Section 1957 [Money
Laundering: Transactions Greater than $10,000

10 years imprisonment, 3 years supervised release, $100 special
assessment, and $250,000 fine (or not more than twice the amount of the
criminally derived property involved in the transaction).

Count Sixty-Three Through Ninety-Eight: Title 18, United States Code, Section 1957 [Money Laundering: Transactions Greater than $10,000

See penalties above

~~O 257 (Rev. 6/78)

**FILED**
JUL 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

OAKLAND DIVISION

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   SEE ATTACHMENT

┌─ DEFENDANT - U.S

▶ CRISTETA LAGAREJOS

DISTRICT COURT NUMBER

**CR08-477** DLJ

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

IRS-CI and ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   DEBORAH R. DOUGLAS, AUSA

### DEFENDANT

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date filed
DATE OF ARREST ▶   Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: NO BAIL
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                  Before Judge:

Comments:

## OFFENSES AND PENALTY SHEET

Defendant Cristeta Lagarejos

Count One: Title 18, United States Code, Section [Conspiracy to Commit Bank Fraud/Wire Fraud]

Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Counts Twenty-Four Through Thirty-One: Title 18, United States Code, Section 1344 [Bank Fraud]

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

Counts Fifty-Eight Through Sixty-One: Title 18, United States Code, Section 1343 [Wire Fraud]

30 years imprisonment, five years supervised release, $250,000 fine, $ 100 special assessment

Count Sixty-Two: Title 18, United States Code, Section 1956(h) [Money Laundering Conspiracy]

The maximum penalty for a § 1956(h) conspiracy is the same as the penalty for the offense that is the object of the conspiracy, *i.e.*, 20 years for a § 1956 offense, and 10 years for a § 1957 offense as follows:.

Title 18, United States Code, Section
1956(a)(1)(B)(i) [Money Laundering]

20 imprisonment, three years supervised release, $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, and $100 special assessment.

Title 18, United States Code, Section 1957 [Money
Laundering: Transactions Greater  than $10,000

10 years imprisonment, 3 years supervised release, $100 special assessment, and $250,000 fine (or not more than twice the amount of the criminally derived property involved in the transaction).

Count Ninety-Nine Through One Hundred Thirteen: Title 18, United States Code, Section 1957 [Money Laundering: Transactions Greater  than $10,000

See penalties above



# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: OAKLAND

**FILED**
JUL 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

UNITED STATES OF AMERICA,

V.

CR 08 477 DLJ

EDITH NELSON (a/k/a EDITH
HONRUBIA NELSON, a/k/a EDITH
GRUTAS), RONALD NELSON, NELDA
ASUNCION, and CRISTETA
LAGAREJOS,

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C.§ 1349 [Conspiracy to Commit Bank Fraud];
18 U.S.C.§ 1344 [Bank Fraud]; 18 U.S.C. § 1349 [Conspiracy to
Commit Wire Fraud]; 18 U.S.C.§ 1343 [Wire Fraud];
18 U.S.C. § 1956(h) [Conspiracy to Commit Money Laundering];
18 U.S.C.§ 1957(a) [Monetary Transactions Using Criminally
Derived Property]; 26 U.S.C.§ 7201 [Income Tax Evasion];
18 U.S.C.§ 2 [Aiding & Abetting];
8 U.S.C.§ 1324(a)(1)(A)(iii) [Harboring of Illegal Aliens]

---

A true bill.

_____ Foreman

Filed in open court this __17th__ day of

__July 2008__.

_____ Clerk

Bail, $ _No bail arrest warrant for each defendant._

Wayne D. Brazil    7-17-08

1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney

2

3                                                    **FILED** *Ce*

4                                                    JUL 17 2008

5                                                    RICHARD W. WIEKING
                                                     CLERK, U.S. DISTRICT COURT
6                                                    NORTHERN DISTRICT OF CALIFORNIA
                                                     OAKLAND

7

8

                         UNITED STATES DISTRICT COURT
9
                        NORTHERN DISTRICT OF CALIFORNIA
10
                               OAKLAND  DIVISION
11                                                   **CR08-477**

12  UNITED STATES OF AMERICA,          )    Criminal No.
                                       )
13            Plaintiff,               )    VIOLATIONS:  18 U.S.C.§ 1349
                                       )    [Conspiracy to Commit Bank Fraud and
14            v.                       )    Wire Fraud]; 18 U.S.C.§ 1344 (1) and (2)
                                       )    [Bank Fraud]; 18 U.S.C.§ 1343 [Wire
15  EDITH NELSON                       )    Fraud]; 18 U.S.C.§ 1956(h) [Conspiracy to
    a/k/a EDITH HONRUBIA NELSON, a/k/a )    Commit Money Laundering]; 18 U.S.C.§
16  EDITH GRUTAS,                      )    1957(a) [Monetary Transactions Using
    RONALD NELSON,                     )    Criminally Derived Property]; 26 U.S.C.§
17  NELDA ASUNCION, and                )    7201 [Income Tax Evasion]; 8 U.S.C.§
    CRISTETA LAGAREJOS,                )    1324(a)(1)(A)(iii)[Harboring of Illegal
18                                     )    Aliens]; 18 U.S.C.§ 2 [Aiding & Abetting]
              Defendants.              )
19                                     )    OAKLAND VENUE
                                       )
20                                     )
                                       )
21  _____ )

22                                 INDICTMENT

23  The Grand Jury charges:

24        At all times relevant to this indictment:

25        1.    Defendants Edith Nelson and Ronald Nelson, a married couple ("the Nelsons'),

26  owned and operated Placement Services, a referral service located at 1800 Oak Park Blvd., Suite C,

27  Pleasant Hill, California, that placed elderly people into residential care home facilities. On or about

28  August 21, 1998, the Department of Social Services, State of California, ordered the immediate



Document No.
District Court
Criminal Case Processing

1    exclusion of defendants Ronald and Edith Nelson (under her former name "Edith Grutas") from all

2    facilities licensed by the Department based upon various violations of licensing requirements,

3    including deficient care of elderly residents. Despite the exclusion order, the Nelsons have continued

4    to operate numerous Residential Care Home Facilities for the Elderly ("RCFE") and other properties,

5    in the identities of others used to purchase the properties ("straw buyers").

6    2.    Defendant Nelda Asuncion is a real estate agent and co-owner of Realty World

7    Pacific West, a real estate business at 1842 Colfax Street, Concord, California.  Prior to defendant

8    Nelda Asuncion's partner obtaining a broker's license for conducting  mortgage business, Realty

9    World Pacific West processed mortgages through Abacus Financial, a mortgage broker business

10   owned by another individual.

11   3.    Defendant Cristeta Lagarejos is a real estate agent and broker, and the owner of

12   Realty World - The Legacy/Legacy Financing ("Legacy Financing"), a real estate and mortgage

13   broker business at 91 Gregory Lane, Suite 1, Pleasant Hill, California.

## A. INTRODUCTION

14

15   4.    Beginning no later than on or about December 23, 2002, and continuing until on or

16   about January 8, 2007, in the Northern District of California and elsewhere, the defendants, Edith

17   Nelson, Ronald Nelson, Nelda Asuncion, Cristeta Lagarejos, and others did knowingly devise and

18   execute a material scheme and artifice to defraud financial institutions, many of which were federally

19   insured and others which were not, and to obtain moneys, funds, credits, assets, securities, and other

20   property owned by, and under the custody and control of, the financial institution by means of

21   material false and fraudulent pretenses, representations, and promises.

22   5.    Beginning on or about December 23, 2002, through on or about January 8, 2007, the

23   defendants secured through straw buyers at least 63 loans, totaling over $20 million in loan proceeds,

24   from financial institutions based on false and fraudulent representations.   Of the 63 loans,

25   Defendants Edith Nelson and Nelda Asuncion secured at least 51 loans from financial institutions,

26   totaling over $17 million in loan proceeds. Defendants Edith Nelson and Cristeta Lagarejos secured

27   at least 12 loans, totaling over $3 million in loan proceeds, from financial institutions.

28

6.    Beginning on or about December 23, 2002 through on or about January 8, 2007, the defendants laundered the proceeds from specified unlawful activities, *i.e.*, bank fraud and wire fraud, by causing transactions, totaling over $20 million, to be disbursed from escrow accounts opened by straw buyers. Defendants Edith Nelson and Nelda Asuncion caused financial transactions totaling over $17 million to be disbursed from 27 escrow accounts of straw buyers. Defendants Edith Nelson and Cristeta Lagarejos caused financial transactions, totaling over $3 million, to be disbursed from six escrow accounts of straw buyers.

7.    Some of the financial institutions from which mortgages were fraudulently obtained were insured by the Federal Deposit Insurance Corporation ("FDIC"). Other financial institutions from which mortgages were fraudulently obtained that were not FDIC insured wired the mortgage proceeds to the title companies through the Federal Reserve Bank's Fedwire Funds Transfer System (Fedwire). All of the proceeds (both FDIC and non-FDIC insured) were wired through Fedwire and transmitted to the Federal Reserve Bank's processing center in New Jersey prior to the proceeds being wired to the beneficiaries. As such, the wiring of loan proceeds via Fedwire to the title companies in California affected interstate commerce.

## B. ROLES OF THE DEFENDANTS

8.    The role of each defendant in the conspiracies is generally described as follows:

### a. Defendant Edith Nelson: Placement Services

Defendant Edith Nelson's role included, but was not limited to, (a) recruiting straw buyers and RCFE buyers; (b) entering into agreements with straw buyers and RCFE buyers; (c) paying straw buyers for the use of their names to purchase RCFEs and other properties controlled by the Nelsons; (d) conspiring with Defendants Nelda Asuncion and Cristeta Lagarejos to prepare fraudulent loan applications and real estate documents under straw buyers and RCFE buyers; (e) verifying, and instructing her employees at Placement Services to verify, fraudulent information placed on the straw buyers' loan applications when lenders called to verify employment; (f) providing "show money" to at least one RCFE buyer to deposit into her bank account during the loan approval process to defraud lenders into believing that the RCFE buyer had additional assets; (g) instructing straw buyers to sign grant deeds transferring or adding defendant Edith Nelson's name

3

1  to the title of the property as a "gift," and at times filing those grant deeds with Contra Costa County

2  Records after escrow closed; (h) causing many straw buyers to open bank accounts which were then

3  controlled by defendants Edith and Ronald Nelson, including deposits, withdrawals, and transfer of

4  monies from those bank accounts to other bank accounts controlled by defendants Edith and Ronald

5  Nelson; (i) at times, providing title companies with specific disbursement instructions for the

6  proceeds from the sale of properties purchased by straw buyers; (j) receiving the proceeds of the

7  property sales directly from the title companies or from the straw sellers whose bank accounts

8  received the proceeds from the title companies; and (k) functioning as an employer and manager of

9  the numerous RCFEs and other properties purchased by straw buyers, but controlled by defendants

10  Edith and Ronald Nelson.

11          b.      Defendant Ronald Nelson: Placement Services

12          Defendant Ronald Nelson's role included, but was not limited to: (a) recruiting at

13  least one straw buyer to purchase a RCFE controlled by the Nelsons, soliciting the straw buyer to

14  enter into an agreement with defendant Edith Nelson regarding the ownership and control of the

15  RCFE, and composing, together with the straw buyer, the memorandum of understanding which was

16  then signed by defendant Edith Nelson and the straw buyer; (b) reviewing the paperwork associated

17  with another straw buyer's purchase of RCFEs controlled by defendants Edith and Ronald Nelson

18  prior to the straw buyer's signing the paperwork; (c) attending a meeting with defendants Edith

19  Nelson and Nelda Asuncion, and a RCFE buyer who was recruited by defendants Edith Nelson and

20  Nelda Asuncion and whose loan applications were fraudulently prepared by defendant Nelda

21  Asuncion, during which defendant Ronald Nelson participated in the decision on how the $400,000

22  purchase price for the business of a RCFE controlled by defendants Edith and Ronald Nelson should

23  be paid and disbursed by the RCFE buyer, which included the payment of two checks to defendant

24  Ronald Nelson for $116,000 and $100,000; and (d) functioning as an employer, bookkeeper, check

25  issuer, and performing other responsibilities associated with operating and controlling the numerous

26  RCFEs and other properties purchased by straw buyers.

27

28

4

c.    Defendant Nelda Asuncion: Realty World Pacific West

Defendant Nelda Asuncion's role included, but was not limited to, (a) recruiting straw buyers; (b) preparing, and instructing her employee at Realty World Pacific West to prepare fraudulent loan applications and real estate documents in the names of straw buyers and RCFE buyers; (c) sending faxes, and instructing her employee at Realty World Pacific West to send faxes, to Placement Services with a summary of the employment information fraudulently placed on the straw buyers' loan applications so that Placement Services could falsely verify employment information to lenders called to verify employment; (d) processing, and instructing her employee at Realty World Pacific West to process loan packages before submitting them to financial institutions; (e) providing "show money" to at least one RCFE buyer to deposit into her bank account during the loan approval process to defraud lenders into believing that the RCFE buyer had additional assets; (f) providing instructions to title companies on how to disburse the proceeds from the sale of properties purchased by straw buyers; (g) receiving the proceeds of the property sales from the title companies or the straw sellers to whose bank accounts the proceeds were wired; and (h) receiving compensation in the form of commissions that were paid to Realty World Pacific West or Abacus Financial from the escrow accounts.

d.    Defendant Cristeta Lagarejos: Legacy Financing

Defendant Cristeta Lagarejos's role included, but was not limited to: (a) recruiting straw buyers; (b) preparing fraudulent loan applications and real estate documents in the names of straw buyers; (c) processing loan packages and submitting them to financial institutions; (d) instructing straw buyers to remit the proceeds of the property sales, wired from the title companies, to defendant Edith Nelson; (e) receiving a disbursement from the escrow account of a straw buyer in the amount of $41,200; and (f) receiving commissions that were paid to Legacy Financing from the escrow accounts.

5

COUNT ONE: (18 U.S.C. § 1349 - Conspiracy to Commit Bank Fraud and Wire Fraud)

9.    The factual allegations contained in paragraphs one through eight, paragraph eleven, and paragraphs fourteen, sixteen, eighteen, and twenty, are realleged and incorporated by reference as though fully set forth herein.

10.    Beginning no later than on or about December 23, 2002, and continuing until on or about January 8, 2007, in the Northern District of California and elsewhere, the defendants,

> EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,
> a/k/a EDITH GRUTAS), RONALD NELSON, NELDA ASUNCION,
> and CRISTETA LAGAREJOS,

did knowingly conspire with each other, and with other persons both known and unknown to the grand jury, to knowingly devise and intend to devise a scheme and artifice to defraud financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, well knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, and to transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, and signals, namely wire transfers, in violation of Title 18, United States Code, Sections 1343 and 1344 (1) & (2).

## C. MANNER AND MEANS

11.    The objects, manner, and means of the defendants in carrying out the conspiracy included the following:

a.    The defendants fraudulently obtained mortgage proceeds from financial institutions through straw buyers to purchase RCFEs and other properties controlled by defendants Edith and Ronald Nelson.

b.    The defendants recruited straw buyers to purchase existing RCFEs under the control of defendants Ronald Nelson and Edith Nelson, or properties that would be converted into RCFEs.

c.    The defendants told the straw buyers that the properties would be purchased in their names and that the properties would be sold after approximately one year.

6

1         d.     The defendants purchased and sold the same properties using different straw

2  buyers.

3         e.     The defendants represented to the straw buyers that, during their titular

4  ownership of the respective property, the defendants would pay for all of the expenses associated

5  with the property, including the mortgage payments, property taxes, and capital gains taxes.

6         f.     The defendants paid the straw buyers $5,000 or $10,000 for each purchase

7  and, at times, $5,000 or $10,000 when the properties were sold.

8         g.     The defendants failed to make timely mortgage payments, causing many of

9  the properties to default or to be foreclosed.

10         h.     The defendants caused the mortgage loan applications to be prepared based

11  upon fraudulent representations, including gross monthly income.

12         i.     The defendants caused the properties to be purchased with 100% financing

13  under "stated income loans," in which lenders verify only employment information, assets and

14  liabilities, and do not verify gross monthly income.

15         j.     The defendants determined the lender's acceptable debt to income ratio via

16  a computer software program and then prepared the income portion of the loan application to meet

17  that ratio, using income charts to see what income was reasonable for the particular profession.

18         k.     The defendants sent faxes to Placement Services with a summary of the

19  employment information fraudulently placed on the loan applications, and then falsely corroborated

20  the employment information placed on the loan applications when the lenders called to verify

21  employment.

22         l.     At the direction of the defendants, the loan proceeds obtained by straw buyers

23  were wired or deposited into escrow accounts at the title companies under false and fraudulent

24  pretenses for the purchase of the properties.

25         m.     At the direction of the defendants, the title companies disbursed proceeds from

26  the escrow accounts to Edith Nelson or other individuals related to or associated with defendant

27  Edith Nelson, including the straw sellers, who would then remit the gains from those sales to

28  defendant Edith Nelson.

7

n.      The defendants recruited other individuals to purchase properties to convert into RCFEs or to purchase existing RCFEs.   Defendant Nelda Asuncion or her employee, at the direction of Asuncion, prepared "stated income loan" applications for the RCFE buyers.

### D. OVERT ACTS

12.   During the course of the conspiracy, and to accomplish its objectives, the defendants and others committed the following overt acts, among others, in the Northern District of California, and elsewhere:

a.      From in or about 2002 through in or about 2007, defendants Edith Nelson and Nelda Asuncion recruited straw buyers and RCFE buyers to purchase and refinance the following real estate properties:

| (1)  | 2180 La Orinda Place, Concord |
|------|-------------------------------|
| (2)  | 4919 Union Mine Road, Antioch |
| (3)  | 2267 Shannon Lane, Walnut Creek |
| (4)  | 2852 Stratford Drive, San Ramon |
| (5)  | 1586 Placer Drive, San Ramon |
| (6)  | 330 El Divisadero Avenue, Walnut Creek |
| (7)  | 121 Warwick Avenue, Walnut Creek |
| (8)  | 1213 St. Elizabeth Court, Concord |
| (9)  | 3546 Concord Boulevard, Concord |
| (10) | 1772 Geary Road, Walnut Creek |
| (11) | 871 Brittany Lane, Concord |
| (12) | 134 Pueblo Drive, Pittsburg |
| (13) | 130 El Cerro Court, Danville |
| (14) | 1116 Jaime Drive, Concord |
| ((15) | 4124 Forestview Avenue, Concord |
| (16) | 2562 Venado Camino, Walnut Creek |
| (17) | 667 Imperial Drive, Pacifica |

b.      From in or about 2004 through in or about 2007, defendants Edith Nelson and Cristeta Lagarejos recruited straw buyers to purchase and refinance the following real estate properties:

| (1) | 1785 Thornwood Drive, Concord |
|-----|-------------------------------|
| (2) | 2180 La Orinda Place, Concord |
| (3) | 2852 Stratford Drive, San Ramon |

c.      From in or about 2002 through in or about 2007, defendant Edith Nelson represented to the straw buyers that she would pay all of the expenses associated with the property, including the mortgage payments, property taxes, and capital gains taxes.

d.      From in or about 2002 through in or about 2006, defendant Edith Nelson paid the straw buyers $5,000 or $10,000 for each purchase and, at times, $5,000 or $10,000 when the properties were sold.

e.      From in or about 2002 through in or about 2006, defendant Nelda Asuncion and her employee, at the direction of Asuncion, prepared loan applications for the straw buyers based on false and fraudulent representations as set forth above.

. f.     From in or about 2002 through in or about 2006, defendant Nelda Asuncion and her employee, at the direction of Asuncion, caused adjustable rate notes to be signed by the straw buyers promising to pay the loans.

g.      From in or about 2004 through in or about 2007, defendant Cristeta Lagarejos prepared loan applications for the straw buyers based on false and fraudulent representations.

h.      From in or about 2004 through in or about 2007, defendant Cristeta Lagarejos caused adjustable rate notes to be signed by the straw buyers promising to pay the loans.

i.      From in or about 2002 through in or about 2006, defendant Nelda Asuncion, or her employee at the direction of Asuncion, processed the loan packages and submitted them to federally insured financial institutions, such as Long Beach Mortgage/Washington Mutual Bank, World Savings Bank, Fremont Investment and Loan, and WMC Mortgage.

j.      Beginning in or about 2003 through 2006, defendant Nelda Asuncion, or her employee at the direction of Asuncion, processed loan packages and submitted them to non-federally insured financial institutions, such as Fieldstone Mortgage, First NLC Financial, Countrywide Home Loans, The Loan Center, and First Magnus Financial.

k.      From in or about 2004 through in or about 2007, defendant Cristeta Lagarejos processed the loan packages and submitted them to federally insured financial institutions, such as WMC Mortgage and Lehman Brothers Bank.

l.      From in or about 2005 through in or about 2007, defendant Cristeta Lagarejos processed the loan packages and submitted them to non-federally insured financial institutions, such as Finance America and PMC Bancorp.

9

m.      From in or about 2002 through in or about 2006, defendant Nelda Asuncion, or her employee at the direction of Asuncion, sent faxes to Placement Services with a summary of the fraudulent employment information placed on the straw buyers' loan applications prepared by Realty World Pacific West allowing defendant Edith Nelson and her employees at Placement Services to falsely corroborate that information when the lenders called to verify employment.

n.      From in or about 2002 through in or about 2006, defendant Edith Nelson, or her employees at Placement Services at the direction of defendant Nelson, corroborated to the lenders who called to verify the fraudulent employment information contained on the straw buyers' loan applications prepared by Realty World Pacific West.

o.      From in or about 2002 through in or about 2007, defendant Edith Nelson verified to lenders the straw buyers' rental status and history. The straw buyers' residential information on the loan applications was at times listed as addresses associated with defendant Edith Nelson, who was fraudulently identified as the property manager or landlord.

p.      From in or about 2002 through in or about 2006, defendants Edith Nelson and Nelda Asuncion  provided at least one RCFE buyer with "show money" to deposit into her bank account during the loan approval process to defraud lenders into believing that the RCFE buyer had additional assets.

q.      From in or about 2003 through in or about 2007, defendants Edith Nelson, Nelda Asuncion, and Cristeta Lagarejos caused the financial institutions to wire transfer the mortgage proceeds via the Federal Reserve Bank's Fedwire Funds Transfer System (Fedwire) to the title companies handling the escrows in California, thereby affecting interstate commerce.

r.      From in or about 2002 through in or about 2006, defendant Edith Nelson caused straw buyers to sign grant deeds transferring or adding Nelson's name to the title of the property as a "gift."  Some of the grant deeds were filed with Contra Costa County Records after escrow closed.

s.      From in or about 2002 through in or about 2006, defendant Edith Nelson caused straw buyers to open bank accounts which were then controlled by defendants Edith and

1   Ronald Nelson, including deposits, withdrawals, and transfer of monies from those bank accounts
2   to other bank accounts controlled by the Nelsons.

3           t.      From in or about 2003 through in or about 2005, defendants Edith Nelson and
4   Nelda Asuncion directed title companies as to how the proceeds from the sale of properties should
5   be disbursed, including the following:

6           (1)     On or before October 27, 2003, defendants Edith Nelson, Nelda Asuncion,
7   or a co-conspirator directed a title company to wire transfer monies to Edith Nelson in the amount
8   of $91,594.14 and the rest of the proceeds to defendant Nelda Asuncion related to the sale of 871
9   Brittany Lane, Concord. This property was purchased by a RCFE buyer whose loan applications
10  were fraudulently prepared by defendant Nelda Asuncion's employee at the direction of Asuncion.

11          (2)     On or before June 10, 2004, defendant Edith Nelson or a co-conspirator
12  directed a title company to disburse $57,412.88 related to the sale of 134 Pueblo Drive, Pittsburg,
13  to Bank of Walnut Creek account no. 1361791, which was opened by defendant Edith Nelson and
14  her aunt. This property was purchased by a straw buyer whose loan applications were fraudulently
15  prepared by Nelda Asuncion's employee at the direction of Asuncion.

16          (3)     On or before June 6, 2005, defendant Nelda Asuncion sent a fax dated June
17  3, 2005 with instructions to wire transfer monies related to the sale of 134 Pueblo Drive, Pittsburg
18  (purchased by a straw buyer) to defendant Edith Nelson's Bank of Walnut Creek account no.
19  1381938, which had been opened in the name of Fibercraft USA Inc. whose agent was defendant
20  Ronald Nelson.

21          (4)     On or about June 17, 2005, defendant Edith Nelson faxed a letter to the title
22  company related to the sale of the property located at 330 El Divisadero, Walnut Creek (purchased
23  by a straw buyer) with instructions to wire the disbursement amount to Bank of Walnut Creek
24  account no. 1361899, which had been opened by defendant Edith Nelson and another straw buyer.

25          u.      From in or about 2002 through in or about 2007, defendant Edith Nelson
26  caused the straw sellers to provide defendant Nelson with the proceeds of the property sales that the
27  title companies had wired into the straw seller's bank accounts.

28

v.   From in or about 2003 to in or about 2004, defendant Ronald Nelson (1) recruited a straw buyer to purchase the RCFE located at 121 Warwick Avenue, Walnut Creek (controlled by the Nelsons); (2) introduced the straw buyer to defendant Edith Nelson; (3) explained to the straw buyer that he (Ronald) and defendant Edith Nelson had difficulty with the state licensing authority in regards to obtaining the proper paperwork to operate a residential care home facility for the elderly, (4) invited the straw buyer to Placement Services and explained that he (Ronald) and defendant Edith Nelson owned care home facilities, intended to open additional facilities, and sought partnerships in these facilities; (5) met with the straw buyer, together with defendant Edith Nelson, and discussed how the business and property transactions would take place; (7) together with defendant Edith Nelson, decided the amount of money that the straw buyer should invest in the RCFE business and property at 121 Warwick Drive; (8) composed, together with the straw buyer, the wording of the Memorandum of Understanding regarding the ownership and operation of the RCFE; (9) was present when defendant Edith Nelson and the straw buyer signed the Memorandum of Understanding dated January 22, 2004 which made the straw buyer a 50% partner in the business and property at 121 Warwick Drive; (10) set up JAK Limited Liability Corporation ("LLC") to operate the RCFE and added the straw buyer's name to the documents associated with the LLC; (11) requested that the straw buyer sign blank checks for the JAK LLC bank account at 121 Warwick Drive, which was opened in the names of the straw buyer and Edith Nelson's daughter (Ronald Nelson's step-daughter); (12) told the straw buyer that his step-daughter had signatory authority on the RCFE's bank account so that the Nelsons could protect their interests in the RCFE; and (13) reassured the straw buyer whenever he expressed any reservations about the foregoing arrangements.

w.   In or about August 2004, defendant Nelda Asuncion directed her employee to prepare prepared fraudulent loan applications for the straw buyer discussed in paragraph 12v above.

x.   On or about October 20, 2005, a defendant caused Sierra Shasta Investments LLC ("Sierra Shasta"), whose agent is defendant Ronald Nelson, to receive a check for $125,400.58 (check no. 1749 dated October 20, 2005) from a straw seller who was wired proceeds in the amount of $135,400.58 by a title company based upon the sale of the RCFE located at 2180 La Orinda Place, Concord, which was controlled by defendants Ronald and Edith Nelson.

12

y.    In or before June 2005, defendant Edith Nelson told at least one straw buyer that defendant Ronald Nelson was an accountant and that all of the paperwork associated with the straw buyer's purchase of the properties controlled by the defendants Ronald and Edith Nelson was carefully reviewed by defendant Ronald Nelson to ensure that the paperwork was correct before the straw buyer signed any papers. Defendant Edith Nelson further told the straw buyer that defendant Ronald Nelson was consulted on everything and he made sure that the entire operation was running smoothly.

z.    On or about October 25, 2005, defendants Edith Nelson, Ronald Nelson, and Nelda Asuncion met with a RCFE buyer who had refinanced her personal residence through defendant Nelda Asuncion and obtained $400,000 to purchase an RCFE from the Nelsons. Defendant Nelda Asuncion prepared the RCFE buyer's loan application based on fraudulent information, such as gross monthly income. At the meeting on or about October 25, 2005, defendants Ronald Nelson, Edith Nelson, and Nelda Asuncion discussed how the $400,000 purchase price for the business of an RCFE controlled by defendants Ronald and Edith Nelson (located at 2267 Shannon Lane, Walnut Creek) would be distributed. The defendants instructed the RCFE buyer to split the $400,000 purchase price for the business into four checks as follows: check no. 2307 for $116,000 payable to Ronald Nelson, check no. 2308 for $100,000 payable to defendant Ronald Nelson, check no. 2306 for $100,000 payable to defendant Nelda Asuncion, and check no. 2305 for $84,000 payable to the co-owner of Realty World Pacific West (and defendant Nelda Asuncion's partner).

aa.    During the entire period of the conspiracy, defendant Edith Nelson functioned as an employer and manager of the numerous RCFEs and other properties purchased under straw buyers, but which the Nelsons controlled.

bb.    During the entire period of the conspiracy, defendant Ronald Nelson functioned as an employer, bookkeeper, check issuer, and performed other responsibilities associated with operating and controlling the numerous RCFEs and other properties purchased under straw buyers.

All in violation of Title 18, United States Code, Section 1349.

13

COUNTS TWO THROUGH TWENTY-THREE (18 U.S.C. §§ 1344(1) & (2) and 2 - Bank Fraud & Aiding and Abetting)

13.    The factual allegations contained in paragraphs one through eight, and paragraph eleven, are realleged and incorporated by reference as though fully set forth herein.

14.    On or about the dates listed below, in the Northern District of California and elsewhere, the defendants,

EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,
a/k/a EDITH GRUTAS), and NELDA ASUNCION,

did knowingly devise and execute a scheme and artifice to defraud the federally insured financial institutions listed below and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the financial institutions , by means of material false and fraudulent pretenses, representations, and promises:

| Count | Close of Escrow Date | Property | Straw Buyer/ RCFE Buyers | FDIC Insured Financial Institution | Loan # | Loan Amount | Escrow Co. & Escrow # |
|---|---|---|---|---|---|---|---|
| 2 | 12/23/02 | 2852 Stratford Drive, San Ramon | Rosalina B. | World Savings | 0020034096 | $339,500 | Placer Title 803-5842 |
| 3 | 12/23/02 | 2852 Stratford Drive, San Ramon | Rosalina B. | World Savings | 0020034104 | $97,000 | Placer Title 803-5842 |
| 4 | 3/20/03 | 4919 Union Mine Road, Antioch | Myra S. | Long Beach Mortgage | 5227855 | $436,000 | American Title (Ticor) 43614 |
| 5 | 3/20/03 | 4919 Union Mine Road, Antioch | Myra S. | Long Beach Mortgage | 5227863 | $109,000 | American Title (Ticor) 43614 |
| 6 | 6/23/03 | 121 Warwick Ave., Walnut Creek | Guada-lupe V. | Long Beach Mortgage | 5509476 | $527,960 | Old Republic Title 0111001405 |

14

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 7 | 6/23/03 | 121 Warwick Ave., Walnut Creek | Guada-lupe V. | Long Beach Mortgage | 5509484 | $131,990 | Old Republic Title 0111001405 |
| 8 | 10/16/03 | 2180 La Orinda Place, Concord | Steve P. | Long Beach Mortgage | 5934419 | $391,600 | Ticor Title Co. 00028685 |
| 9 | 10/16/03 | 2180 La Orinda Place, Concord | Steve P. | Long Beach Mortgage | 5934435 | $97,900 | Ticor Title Co. 00028685 |
| 10 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | WMC Mortgage, a GE Bank | 10592499 | $416,000 | Ticor Title Co. 22514 |
| 11 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | WMC Mortgage, a GE Bank | 1059502 | $104,000 | Ticor Title Co. 22514 |
| 12 | 5/26/05 | 3546 Concord Blvd., Concord | Dennis D. | Long Beach Mortgage (Washing-ton Mutual Bank) | 6471059 | $548,000 | Ticor Title Co. 85593-901 |
| 13 | 5/26/05 | 3546 Concord Blvd., Concord | Dennis D. | Long Beach Mortgage (Washing-ton Mutual Bank) | 6471060 | $137,000 | Ticor Title Co. 85593-901 |
| 14 | 6/6/05 | 1586 Placer Drive, Pittsburg | Shawna D. | Fremont Investment & Loan | 7000150164 | $580,000 | Ticor Title Co. 86557 |
| 15 | 6/6/05 | 1586 Placer Drive, Pittsburg | Shawna D. | Fremont Investment & Loan | 7000150244 | $145,000 | Ticor Title Co. 86557 |
| 16 | 6/17/05 | 330 El Divisa-dero Ave., Walnut Creek | Steve P. | Fremont Investment & Loan | 7000151064 | $720,000 | Ticor Title Co. 77705 |

| 17 | 6/17/05 | 330 El Divisadero Ave., Walnut Creek | Steve P. | Fremont Investment & Loan | 7000151104 | $180,000 | Ticor Title Co. 77705 |
| 18 | 7/5/05 | 2267 Shannon Lane, Walnut Creek | Melinda M-A | Long Beach Mortgage | 6508478 | $656,000 | Fidelity National Title 05-244318 |
| 19 | 7/5/05 | 2267 Shannon Lane, Walnut Creek | Melinda M-A | Long Beach Mortgage | 6508479 | $164,000 | Fidelity National Title 05-244318 |
| 20 | 8/10/06 | 1772 Geary Rd., Walnut Creek | Eloisa M. | Fremont Investment & Loan | 7000212506 | $512,000 | Stewart Title B40000358 |
| 21 | 8/10/06 | 1772 Geary Rd., Walnut Creek | Eloisa M. | Fremont Investment & Loan | 7000212743 | $128,000 | Stewart Title B40000358 |
| 22 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Washington Mutual Bank | 0729406322 | $600,000 | Stewart Title Co. B40000529 |
| 23 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Long Beach Mortgage | 0729406421 | $150,000 | Stewart Title Co. B40000529 |

All in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

COUNTS TWENTY-FOUR THROUGH THIRTY-ONE (18 U.S.C. §§ 1344(1) and (2) & 2 - Bank Fraud & Aiding and Abetting)

15.     Factual allegations contained in paragraphs one through eight, and paragraph eleven, are realleged and incorporated by reference as though fully set forth herein.

16.     On or about the dates listed below, in the Northern District of California and elsewhere, the defendants,

EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,
a/k/a EDITH GRUTAS), and CRISTETA LAGAREJOS,

did knowingly devise and execute a scheme and artifice to defraud the federally insured financial institutions listed below and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, the financial institutions, by means of material false and fraudulent pretenses, representations, and promises:

| Count | Close of Escrow Date | Property | Straw Buyer | FDIC Insured Financial Institution | Loan # | Loan Amount | Escrow Co. & Escrow # |
|---|---|---|---|---|---|---|---|
| 24 | 8/17/04 | 2180 La Orinda Place, Concord | Lucia L. | WMC Mortgage a GE Bank | 11030997 | $460,000 | Ticor Title Co. 60451-914 |
| 25 | 8/17/04 | 2180 La Orinda Place, Concord | Lucia L. | WMC Mortgage a GE Bank | 11030999 | $115,000 | Ticor Title Co. 60451-914 |
| 26 | 12/2/04 | 1785 Thorn-wood Drive, Concord | Antonio R. | WMC Mortgage | 11075811 | $344,000 | North American Title 54702-54200980 |
| 27 | 12/2/04 | 1785 Thorn-wood Drive, Concord | Antonio R. | WMC Mortgage | 11075812 | $86,000 | North American Title 54702-54200980 |
| 28 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage a GE Bank | 11181857 | $568,000 | Old Republic Title 0130003294 |

17

| 29 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage a GE Bank | 11181858 | $142,000 | Old Republic Title 0130003294 |
| 30 | 3/22/06 | 1785 Thorn-wood Drive, Concord | Lucia L. | Lehman Brothers Bank FSB | 00378523 16 | $110,000 | Old Republic Title 0130004208 |
| 31 | 3/22/06 | 1785 Thorn-wood Drive, Concord | Lucia L. | Lehman Brothers Bank FSB | 00378519 53 | $440,000 | Old Republic 0130004208 |

All in violation of Title 18, United States Code, Sections 1344(1) & (2), and 2.

COUNTS THIRTY-TWO THROUGH FIFTY-SEVEN: (18 U.S.C. §§ 1343 & 2 - Wire Fraud & Aiding and Abetting)

17.    The factual allegations contained in paragraphs one through eight, and paragraph eleven, are realleged and incorporated by reference as though fully set forth herein.

18.    On or about the dates listed below, in the Northern District of California, and elsewhere, the defendants,

EDITH NELSON (a/k/a EDITH HONRUBIA NELSON, a/k/a EDITH GRUTAS), and NELDA ASUNCION,

did knowingly devise and intend to devise a scheme and artifice to defraud financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, well knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communications in interstate commerce, namely, the wire transfers identified below:

| Count | Wire Date | Property | Straw Buyer/ RCFE Buyer | Financial Institution | Loan # | Loan Amount | Escrow Co. & Escrow # | Wire Amount |
|---|---|---|---|---|---|---|---|---|

18

| 32 | 4/1/03 | 134 Pueblo Drive, Pittsburg | Myra S. | Fieldstone Mortgage | 058369 3965 | $314,500 | Old Republic Title 375768 | $316,618 |
| 33 | 4/1/03 | 134 Pueblo Drive, Pittsburg | Myra S. | Fieldstone Mortgage | 058369 5965 | $55,500 | Old Republic Title 375768 | $55,196 |
| 34 | 5/27/03 | 3546 Concord Blvd., Concord | Dulce P. | 1st NLC Financial | 303020 83 | $412,250 | Ticor Title Co. 01110010 26 | $410,891.10 |
| 35 | 9/10/03 | 330 El Divisadero, Walnut Creek | Guadalupe V. | 1st NLC Financial | 303032 11 & 303032 12 | $700,000 | Ticor Title Co. 00015245 | $695,702.63 |
| 36 | 6/8/04 | 1772 Geary Road, Walnut Creek | Eloisa M. | The Loan Center | 04-16923 | $352,000 | North Amer. Title Co. 54702-54200309 | $351,263.06 |
| 37 | 6/8/04 | 1772 Geary Road, Walnut Creek | Eloisa M. | The Loan Center | 04-16924 | $88,000 | North Amer. Title Co. 54702-54200309 | $86,852.41 |
| 38 | 6/9/04 | 134 Pueblo Drive, Pittsburg | Eloisa M. | First NLC Financial | 524040 2665 | $352,000 | Ticor Title Co. 00052792 | $352,971.68 |
| 39 | 6/9/04 | 134 Pueblo Drive, Pittsburg | Eloisa M. | First NLC Financial | 524040 2674 | $88,000 | Ticor Title Co. 00052792 | $86,833.66 |
| 40 | 8/10/04 | 121 Warwick Ave., Walnut Creek | Samuel B. | The Loan Center | 04-17975 | $568,000 | North American Title Co. 54702-54200588 | $568,686.45 |

| 41 | 8/10/04 | 121 Warwick Ave., Walnut Creek | Samuel B. | The Loan Center | 04-17976 | $142,000 | North Amer. Title Co. 54702-54200588 | $140,554.81 |
| 42 | 10/5/04 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | The Loan Center | 04-19553 | $512,000 | North Amer. Title Co. 54702-54200756 | $514,485.62 |
| 43 | 10/5/04 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | The Loan Center | 04-19554 | $128,000 | North Amer. Title Co. 54702-54200756 | $124,992.55 |
| 44 | 1/10/05 | 2562 Venado Camino, Walnut Creek | Rommel V. | Country-wide Home Loans | 877439 06 | $640,000 | Ticor Title Co. 71476 | $635,501.32 |
| 45 | 1/10/05 | 2562 Venado Camino, Walnut Creek | Rommel V. | Country-wide Home Loans | 877439 14 | $80,000 | Ticor Title Co. 71476 | $80,000 |
| 46 | 1/31/05 | 2562 Venado Camino, Walnut Creek | Rommel V. | Country-wide Home Loans | 905571 85 | $160,000 | Ticor Title Co. 74949 | $161,155 |
| 47 | 6/3/05 | 134 Pueblo Drive, Pittsburg | Shawna D. | First NLC Financial | 524050 3392 | $500,000 | Ticor Title Co. 85592 | $504,316.66 |
| 48 | 6/3/05 | 134 Pueblo Drive, Pittsburg | Shawna D. | First NLC Financial | 524050 3394 | $145,000 | Ticor Title Co. 85592 | $144,480.52 |
| 49 | 6/3/05 | 4124 Forest-view Ave., Concord | Steve P. | Country-wide Home Loans | 101069 226 | $512,000 | Ticor Title Co. 80467 | $513,462.52 |

20

| 50 | 6/3/05 | 4124 Forest-view Ave., Concord | Steve P. | Country-wide Home Loans | 101069234 | $128,000 | Ticor Title Co. 80467 | $128,000 |
|---|---|---|---|---|---|---|---|---|
| 51 | 8/3/05 | 121 Warwick Ave., Walnut Creek | Dennis D. | Country-wide Home Loans | 111292837 | $650,000 | Ticor Title Co. 21010158 | $654,784.42 |
| 52 | 8/3/05 | 121 Warwick Ave., Walnut Creek | Dennis D. | Country-wide Home Loans | 111292845 | $225,000 | Ticor Title Co. 21010158 | $225,000 |
| 53 | 10/24/05 | 667 Imperial Drive, Pacifica | Alicia F. | First Magnus | 7925007026 | $640,000 | Ticor Title Co. 05-21010983 | $646,199.59 |
| 54 | 1/17/06 | 1116 Jaime Drive, Concord | Melinda M-A | Country-wide Home Loans | 124430906 | $656,000 | Ticor Title Co. 21011671 | $651,365.60 |
| 55 | 1/17/06 | 1116 Jaime Drive, Concord | Melinda M-A | Country-wide Home Loans | 124430914 | $164,000 | Ticor Title Co. 21011671 | $164,000 |
| 56 | 2/8/06 | 130 El Cerro Court, Danville | Shawna D. | Country-wide Home Loans | 125899432 | $788,000 | Ticor Title Co. 0621011981 | $789,059.58 |
| 57 | 2/8/06 | 130 El Cerro Court, Danville | Shawna D. | Country-wide Home Loans | 125899440 | $98,500 | Ticor Title Co. 0621011981 | $98,500 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNTS FIFTY-EIGHT THROUGH SIXTY-ONE: (18 U.S. C. §§ 1343 and 2 - Wire Fraud & Aiding and Abetting)

19.    The factual allegations contained in paragraphs one through eight, and paragraph eleven are realleged and incorporated by reference as though fully set forth herein.

20.    On or about the dates listed below, in the Northern District of California and elsewhere, the defendants,

EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,
a/k/a EDITH GRUTAS), and CRISTETA LAGAREJOS,

did knowingly devise and intend to devise a scheme and artifice to defraud financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, well knowing at the time that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communications in interstate commerce, namely, the wire transfers identified below:

| Count | Wire Date | Property | Straw Buyer | Financial Institution | Loan # | Loan Amount | Escrow Co. & Escrow # | Wire Amount |
|-------|-----------|----------|-------------|----------------------|--------|-------------|----------------------|-------------|
| 58 | 1/18/05 | 1785 Thor-wood Drive, Concord | Antonio R. | Finance America | 0041151614 | $416,000 | Ticor Title Co. 00072096 | $418,369.89 |
| 59 | 1/18/05 | 1785 Thor-wood Drive, Concord | Antonio R. | Finance America | 0041152992 | $104,000 | Ticor Title Co. 00072096 | $102,295.96 |
| 60 | 1/5/07 | 1785 Thor-wood Drive, Concord | Jean D.G. | PMC Bancorp. | 8944036 | $496,000 | Old Republic Title 0111006002 | $499,692.29 |
| 61 | 1/5/07 | 1785 Thor-wood Drive, Concord | Jean D.G. | PMC Bancorp | 8944037 | $124,000 | Old Republic Title 0111006002 | $124,000 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNT SIXTY-TWO</u>: (18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering)

21.    The factual allegations contained in paragraphs one through eight, paragraph eleven, and paragraphs twenty-five and twenty-seven, are realleged and incorporated by reference as though fully set forth herein.

22.    Beginning no later than on or about October 27, 2003, and continuing until on or about August 15, 2006, in the Northern District of California and elsewhere, the defendants,

EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,<br>
a/k/a EDITH GRUTAS), NELDA ASUNCION, and<br>
CRISTETA LAGAREJOS,

did knowingly conspire with each other, and with other persons both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, to wit:

a.    knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, and which property was in fact the proceeds of specified unlawful activity, *i.e.*, bank fraud and wire fraud, defendants conducted financial transactions knowing that those transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

b.    defendants knowingly engaged in monetary transactions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, said property having in fact been derived from specified unlawful activity, *i.e.*, bank fraud and wire fraud, in violation of 18 U.S.C. § 1957(a).

E. <u>MANNER AND MEANS</u>

23.    The objectives, manner, and means of the defendants in carrying out the money laundering conspiracy included the following:

a.    Recruiting straw buyers to purchase, refinance, transfer, and sell real estate properties controlled by defendants Edith and Ronald Nelson.

23

b.     Purchasing properties in the names of straw buyers to conceal the nature, location, source, ownership, and control of those properties.

c.     Agreeing that the straw buyers would not have to pay the expenses associated with the property, including the mortgage payments, property taxes, and capital gains taxes.

d.     Paying the straw buyers $5,000 or $10,000 for each purchase and, at times, $5,000 or $10,000 when the properties were sold.

e.     Placing fraudulent information on the straw buyers' loan applications, including inflated gross monthly income to meet the lender's guidelines for loan approval, place of employment, assets, residential information, and purpose of the loans.

f.     Engaging in fraudulent verifications of employment and other information contained on the loan applications.

g.     Providing "show money" to at least one straw buyer to deposit into their bank accounts during the loan approval process to defraud lenders into believing that the straw buyers had more assets than they actually did.

h.     Processing the loan packages and submitting them to financial institutions.

i.     Causing title company escrows to close with mortgage proceeds that financial institutions had funded.

j.     Causing financial institutions to wire the mortgage proceeds via the Federal Reserve Bank's Fedwire Funds Transfer System (Fedwire) to the title companies handling the escrows in California, thereby affecting interstate commerce.

k.     Providing the title companies with specific instructions as to how the mortgage proceeds should be disbursed.

l.     Receiving from the straw sellers the wire transfer deposits of the proceeds of the illegal enterprise into bank accounts held by the straw sellers to conceal the location, ownership, and control of those funds.

m.     Causing straw buyers to open bank accounts which were then controlled by the Nelsons, including deposits, withdrawals, and transfer of monies from those bank accounts to other bank accounts controlled by the Nelsons.

24

1    n.    Using multiple bank accounts to transfer and withdraw funds in order to evade

2  detection by law enforcement.

3    All in violation of Title 18, United States Code, Section 1956(h).

4  COUNTS SIXTY-THREE THROUGH NINETY-EIGHT: (18 U.S.C. §§ 1957(a) & 2 - Monetary
   Transactions Using Criminally Derived Property & Aiding and Abetting)

5

6    24.    The factual allegations contained in paragraphs one through eight, paragraph eleven,

7  and paragraph 23, are realleged and incorporated by reference as though fully set forth herein.

8    25.    On or about the dates listed below, in the Northern District of California and

   elsewhere, the defendants,

9

10    EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,
         a/k/a EDITH GRUTAS), and NELDA ASUNCION,

11  did knowingly engage in a monetary transactions listed below, affecting interstate commerce, in

12  criminally derived property of a value greater than $10,000, said property having in fact been derived

13  from specified unlawful activity, namely, bank fraud and wire fraud, as alleged in Counts Two

14  through Sixty-One:

| Count | Close of Escrow Date | Property | Straw Buyer | Escrow Co. & Escrow # | Disbursement Amount & Reference Check # | Payee |
|-------|----------------------|----------|-------------|-----------------------|------------------------------------------|-------|
| 63 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | Ticor Title Co. 22514 | $323,172.18 #91504408 | World Savings Bank |
| 64 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | Ticor Title Co. 22514 | $10,226.50 #91504397 | Abacus Financial |
| 65 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | Ticor Title Co. 22514 | $91,594.14 #91504401 | Edith Nelson |
| 66 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | Ticor Title Co. 22514 | $40,000 #91504403 | Julieta S. |

25

| 67 | 10/27/03 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | Ticor Title Co. 22514 | $57,280.81 #91504405 | Nelda Asuncion |
| 68 | 6/9/04 | 1772 Geary Road, Walnut Creek | Eloisa M. | North American Title Co. 54702-54200309 | $110,115.24 Wire Out | Ernel A. |
| 69 | 6/9/04 | 1772 Geary Road, Walnut Creek | Eloisa M. | North American Title Co. 54702-54200309 | $14,652 #292625 | Franchise Tax Board |
| 70 | 6/9/04 | 1772 Geary Road, Walnut Creek | Eloisa M. | North American Title Co. 54702-54200309 | $258,162 Wire Out | GMAC Mortgage Corp. |
| 71 | 6/9/04 | 1772 Geary Road, Walnut Creek | Eloisa M. | North American Title Co. 54702-54200309 | $ 44, 672 #292627 | Ditech.com |
| 72 | 6/10/04 | 134 Pueblo Drive, Pittsburg | Eloisa M. | Ticor Title Co. 00052792 | $55,982.94 #91509959 | Aurora Loan Services |
| 73 | 6/10/04 | 134 Pueblo Drive, Pittsburg | Eloisa M. | Ticor Title Co. 00052792 | $313,321.78 #91509965 | Willshire Credit Corp. |
| 74 | 6/10/04 Wire Out on 6/11/04 | 134 Pueblo Drive, Pittsburg | Eloisa M. | Ticor Title Co. 00052792 | $57,412.88 Wire Out | Edith Nelson |
| 75 | 10/6/04 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | North American Title Co. 54702-54200756 | $ 80,299.39 Wire Out | Wire to Cynthia & Redentor D.'s bank account |
| 76 | 10/6/04 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | North American Title Co. 54702-54200756 | $431,656.69 #295257 | Homeeq |

26

| 77 | 10/6/04 | 871 Brittany Lane, Concord | Cynthia & Redentor D. | North American Title Co.<br><br>54702-54200756 | $111,476.77<br><br>#295258 | Homeeq Servicing |
| 78 | 6/6/05 | 1586 Placer Drive, Pittsburg | Eloisa M. | Ticor Title Co.<br><br>86557 | $301,661.41<br><br>#0102010452 | Josefina B. |
| 79 | 6/6/05 | 1586 Placer Drive, Pittsburg | Eloisa M. | Ticor Title Co.<br><br>86557 | $ 25,375<br><br>#0102010454 | Accumax Invest Co. |
| 80 | 6/6/05 | 1586 Placer Drive, Pittsburg | Eloisa M. | Ticor Title Co.<br><br>86557 | $381,690.97<br><br>#0102010455 | IndyMac Bank |
| 81 | 6/6/05 | 1586 Placer Drive, Pittsburg | Eloisa M. | Ticor Title Co.<br><br>86557 | $ 12,825<br><br>#0102010458 | Abacus Financial |
| 82 | 6/6/05 | 134 Pueblo Drive, Pittsburg | Shawna D. | Ticor Title Co.<br><br>85592 | $166,593.39<br><br>#0102030079 | Edith Nelson |
| 83 | 6/6/05 | 134 Pueblo Drive, Pittsburg | Shawna D. | Ticor Title Co.<br><br>85592 | $359,004.74<br><br>#0102010421 | Willshire Credit Corp. |
| 84 | 6/6/05 | 134 Pueblo Drive, Pittsburg | Shawna D. | Ticor Title Co.<br><br>85592 | $ 10,825<br><br>#0102010429 | Abacus Financial |
| 85 | 6/17/05 | 330 El Divisadero Ave., Walnut Creek | Steve P. | Ticor Title Co.<br><br>77705 | $208,386.25<br><br>#0102010889 | Litton Loan Servicing |
| 86 | 6/17/05 | 330 El Divisadero Ave., Walnut Creek | Steve P. | Ticor Title Co.<br><br>77705 | $513,887.65<br><br>#0102010891 | Wells Fargo Bank |
| 87 | 6/17/05 | 330 El Divisadero Ave., Walnut Creek | Steve P. | Ticor Title Co.<br><br>77705 | $17,100<br><br>#0102010894 | Realty World Pacific West |

| | | | | | | |
|---|---|---|---|---|---|---|
| 88 | 6/17/05 | 330 El Divisadero Ave., Walnut Creek | Steve P. | Ticor Title Co. 77705 | $147,848.83 #0102030147 | Edith Nelson |
| 89 | 10/25/05 | 667 Imperial Drive, Pacifica | Alicia F. | Ticor Title Co. 05-21010983 | $415,455.13 #0102030956 | Alicia F. (Wire Out to Alicia F.'s Acct) |
| 90 | 10/25/05 | 667 Imperial Drive, Pacifica | Alicia F. | Ticor Title Co. 05-21010983 | $17,992.19 #0102015437 | Realty World Pacific West |
| 91 | 10/25/05 | 667 Imperial Drive, Pacifica | Alicia F. | Ticor Title Co. 05-21010983 | $207,944.05 #0102030957 | Wells Fargo Loan Payoff |
| 92 | 2/8/06 | 130 El Cerro Court, Danville | Shawna D. | Ticor Title Co. 06-21011981 | $152,213.11 #0102018296 | Washington Mutual Bank |
| 93 | 2/8/06 | 130 El Cerro Court, Danville | Shawna D. | Ticor Title Co. 06-21011981 | $831,040.61 #0102031516 | B., Frank and Mary Jane |
| 94 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Stewart Title Co. B40000529 | $67,046.04 (Wire Out) | Countrywide Loan Loans |
| 95 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Stewart Title Co. B40000529 | $376,564.89 (Wire Out) | Countrywide Loan Loans |
| 96 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Stewart Title Co. B40000529 | $15,093.35 #40-22442 | Ernel A. |
| 97 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Stewart Title Co. B40000529 | $250,049.92 (Wire Out) | P., Marcelo & Elma |
| 98 | 8/15/06 | 1213 St. Elizabeth Court, Concord | Eloisa M. | Stewart Title Co. B40000529 | $34,000 #40-202447 | Realty World Pacific West |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

COUNTS NINETY-NINE THROUGH ONE HUNDRED THIRTEEN: (18 U.S.C. §§ 1957(a) & 2 - Monetary Transactions Using Criminally Derived Property & Aiding and Abetting)

26.    The factual allegations contained in paragraphs one through eight, paragraph eleven, and paragraph twenty-three, are realleged and incorporated by reference as though fully set forth herein.

27.    On or about the dates listed below, in the Northern District of California and elsewhere, the defendants,

EDITH NELSON (a/k/a EDITH HONRUBIA NELSON,<br>
a/k/a EDITH GRUTAS), and CRISTETA LAGAREJOS,

did knowingly engage in a monetary transactions listed below, affecting interstate commerce, in criminally derived property of a value greater than $10,000, said property having in fact been derived from specified unlawful activity, namely, bank fraud and wire fraud, as alleged in Counts Two through Sixty-One:

| Count | Close of Escrow Date | Property | Straw Buyer | Escrow Co. & Escrow # | Disbursement Amount & Reference Check # | Payee |
|---|---|---|---|---|---|---|
| 99 | 8/17/04 | 2180 La Orinda Place, Concord | Lucia L. | Ticor Title Co. 60451 | $ 11,070.00 #91408239 | Realty World Californians |
| 100 | 8/17/04 | 2180 La Orinda Place, Concord | Lucia L. | Ticor Title Co. 60451 | $405,000.06 #91408240 | Washington Mutual Bank |
| 101 | 8/17/04 | 2180 La Orinda Place, Concord | Lucia L. | Ticor Title Co. 60451 | $ 99, 516.27 #91408241 | Washington Mutual Bank |
| 102 | 8/17/04 | 2180 La Orinda Place, Concord | Lucia L. | Ticor Title Co. 60451 | $ 54,108.78 (Wire Out) | Steve P. |
| 103 | 1/19/05 | 1785 Thorn-wood Drive, Concord | Antonio R. | Ticor Title Co. 00072096 | $ 11,114.50 #91410916 | Legacy Financing |

| | | | | | | |
|---|---|---|---|---|---|---|
| 104 | 1/19/05 | 1785 Thorn-wood Drive, Concord | Antonio R. | Ticor Title Co. 00072096 | $347,461.79 (Wire Out) | Option One Mortgage Corp. |
| 105 | 1/19/05 | 1785 Thorn-wood Drive, Concord | Antonio R. | Ticor Title Co. 00072096 | $ 87,314.20 (Wire Out) | Option One Mortgage Corp. |
| 106 | 1/19/05 | 1785 Thorn-wood Drive, Concord | Antonio R. | Ticor Title Co. 00072096 | $ 71,859.88 (Wire Out) | Antonio R. |
| 107 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $115,569.56 Wire to Bank of Walnut Creek #1361899 (Edith Nelson & Rosalina B.) | Rosalina B. |
| 108 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $ 12,145 # 3000314342 | The Legacy |
| 109 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $347,647.92 # 3000314344 | World Savings |
| 110 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $ 98,528.13 # 3000314345 | World Savings |
| 111 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $ 37,275.95 # 3000314346 | Norma L. |
| 112 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $ 41,200 # 3000314347 | Cris Lagarejos |
| 113 | 5/2/05 | 2852 Stratford Drive, San Ramon | Steve P. | WMC Mortgage Corp. | $ 57,590 # 3000314381 | Holioak Properties |

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

COUNT ONE HUNDRED FOUTEEN: (26 U.S.C. § 7201 & 2 - Income Tax Evasion & Aiding & Abetting)

28.   On or about November 3, 2003, in the Northern District of California, the defendants,

RONALD NELSON and EDITH NELSON
(a/k/a EDITH HONRUBIA NELSON, a/k/a EDITH GRUTAS),

who, during the calendar year 2002, were married, did willfully attempt to evade and defeat any income tax due and owing to the United States of America for the calendar year 2002, in addition to other penalties provided by law, by causing to be prepared and signing a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service, wherein it was stated that their joint taxable income for said calendar year was the sum of $ 0, and that the tax due and owing thereon was the sum of $3,532.00, whereas, the defendants then and there well knew and believed, their true taxable income and additional tax due and owing to the United States of America for said calendar year was greater than the amount reported on their joint U.S. Individual Income Tax Return, in violation of Title 26, United States Code, Section 7201.

COUNT ONE HUNDRED FIFTEEN THROUGH ONE HUNDRED TWENTY-SIX:
8 U.S.C. § 1324(a)(1)(A)(iii) & 18 U.S.C. § 2 - Harboring of Illegal Alien and Aiding & Abetting)

29.   Beginning at a time unknown, but not later than in or about the dates listed below, and continuing until in or about the dates listed below, in the Northern District of California, the defendant,

RONALD NELSON and EDITH NELSON
(a/k/a EDITH HONRUBIA NELSON, a/k/a EDITH GRUTAS),

knowing and in reckless disregard of the fact that aliens identified below had come to, entered, and remained in the United States in violation of law, did knowingly conceal, harbor, and shield the alien from detection, and attempt to conceal, harbor, and shield the alien from detection, in any place, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), and Title 18, United States Code, Section 2.

| Count | Approximate Start Date | Approximate End Date | Name of Alien |
|-------|------------------------|----------------------|---------------|
| 115 | April 2002 | February 2006 | Jeannette G. |
| 116 | August 2004 | June 2007 | Lorenzo C. |

| 117 | October 2003 | December 2004 | Lee M. C. |
| 118 | April 2006 | June 2007 | Felicette U. |
| 119 | March 2004 | March 2006 | Ariel R.D. |
| 120 | March 2002 | April 2004 | Marife R. |
| 121 | March 2002 | April 2004 | Rogelio R. |
| 122 | March 2002 | May 2004 | Maria F.R. |
| 123 | January 2006 | July 2006 | Arturo B. |
| 124 | November 2002 | September 2003 | Susana I. |
| 125 | September 2001 | November 2005 | Anita M. |
| 126 | November 2002 | September 2003 | Maria F.L.L. |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), and Title 18, United States Code, Section 2 .

DATED: July 17, 2008

A TRUE BILL.

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

STEPHEN G. CORRIGAN
Acting Chief, Oakland Branch

(Approved as to form: _____ )
AUSA Deborah R. Douglas