DEBORAH G. LEVINE, State Bar No. 57607
Law Offices of Deborah G. Levine
1299 Newell Hill Place, Suite 300
Walnut Creek, CA  94596
(925) 933-5100

Attorney for Defendant
NELDA ASUNCION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NELDA ASUNCION<br><br>Defendant. | Case No. **CR-08-00477 DLJ**<br><br>DEFENDANT'S POINTS AND AUTHORITIES IN OPPOSITION TO GOVERNMENT'S REQUEST TO SUBMIT EVIDENCE IN CAMERA RE: APPOINTED COUNSEL<br><br>Date: August 26, 2008<br>Time: 10 a.m.<br>Dept.: Honorable Magistrate Judge Brazil |

## STATEMENT OF FACTS

Defendant has requested this Court to appoint counsel pursuant to 18 U.S.C. 3006(A) to represent her in the above pending criminal prosecution.  She further requests that her application for appointment of counsel (form CJA 23) be submitted *ex parte* or under seal so that her Fifth Amendment rights are protected.

The government has asserted that it has evidence to show that Ms. Asuncion is not eligible for court appointed counsel and has requested permission to submit this evidence *ex parte*.  No reason has been given by the government for its request for an *ex parte* hearing.  The Court has requested briefing on the question of whether the government is entitled to present evidence *ex parte* in opposition to the

1

appointment of counsel. Defendant submits this brief in opposition to this request by the government.

## ARGUMENT

### I. This Court Can Seal the Defendant's CJA 23 Form

The court has the authority to seal the defendant's financial affidavit to protect her Fifth Amendment right not to incriminate herself. It also can proceed in camera with the defendant to inquire beyond the contents of that affidavit into her financial status. If the government wishes to submit documents or other information to assist the court with its inquiry, the government can do so. The government has no right, however, to participate in that inquiry as in an adversary proceeding since doing so would defeat the court's inherent power to protect the defendant's Fifth Amendment Rights. *U.S. v. Hyde*, 208 F.Supp.2d 1052 N.S.Cal., 2002.

Magistrate Chen, in the *Hyde* case, a case very similar to the one before this court, proceeded in precisely the manner described above. When the government in *Hyde* requested to unseal the defendant's affidavit, the court refused since to do so would defeat the defendant's rights under the Fifth Amendment. The court stated:

> Here, at stake is defendant Hyde's right to counsel guaranteed by the Sixth Amendment under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This right is fundamental: ""a fair trial in our adversary system of criminal justice cannot be assured if the defendant is unrepresented."" *Gravatt,* 868 F.2d at 591. Submission of the financial affidavit at issue here is a condition to defendant Hyde obtaining court appointed counsel. Given the fundamental constitutional right at stake and the grave consequence were defendant Hyde to withhold the affidavit, the Court concludes that a financial affidavit submitted to establish eligibility for appointment of counsel constitutes ""compelled"" testimony within the meaning of the Fifth Amendment. [FN3]
>
> FN3. Consistent with the Fifth Amendment concerns, the Guide to Judiciary Policy and Procedure, Vol. VII, Ch. II, sec. A, 203(B) provides ""[e]mployees of law enforcement agencies or United States attorney offices should not participate in the completion of the CJA for 23 [financial affidavit] or seek to obtain information about a person requesting the appointment of counsel concerning his or her eligibility.""

2

## II. The Government has no Right to An Ex Parte Hearing on Defendant's Eligibility for Court Appointed Counsel

The courts of the United States have consistently held that ex parte hearings on behalf of the government should rarely take place. In its opinion in *U.S. v. Abuhamra*, 389 F.3d 309, 322 (2004) (2nd Cir.), the court quoted Justice Frankfurter's famous observation that "'the right to be heard' before being forced to suffer a serious loss 'is a principal basic to our society', specifically, to its democratic commitment to 'fairness'. (Citing Justice Frankfurter's opinion in *Joint Anti-Facist Committee v. McGrath* (1951) 341 U.S. 123, 168).

In *Abuhamra* the government sought an *ex parte* hearing on the question of a convicted defendant's right to bail pending appeal. In that case, as in the present one, the defendant had the burden of proof with regard to the issue before the court. In the *Abuhamra* case the issue was the defendant's right to bail pending appeal. In Ms. Asuncion's case the issue is her right to court appointed counsel. The *Abuhamra* court held, "*Ex parte* submissions may generally not be received in opposition to bail release because such submissions compromise both a defendant's due process right to a fair hearing and the public's interest in open criminal proceedings." *Id*. at 321.  Without an opportunity to be heard in response to the government's submissions on the issue of bail pending appeal, the defendant is denied his right to due process.  When a defendant's right to counsel is at stake, denial of a full hearing on her eligibility for court appointed counsel could effectively deny her Sixth Amendment right to counsel in addition to being a due process violation.

Only with rare exception should a court deviate from the strong policy against *ex parte* government hearings.  *Waller v. Georgia*, (1984) 467 U.S. 48.  One such exception is national security.  However, in cases of national security, statutory procedures are in place which require the

government to establish clear national security reasons why the *ex parte* filing is necessary. If it fails to establish a national security risk, the *ex parte* filing must be denied. *U.S. v. Libby* 429 F.Supp.2d 46 D.D.C., 2006; (finding that the Classified Information Act [CIPA] has procedural safeguards to protect the defendant's rights to an adversary proceeding).

In two Ninth Circuit cases, this Circuit found the government had no right to provide *ex parte* information to the court in opposition to a motion by the defendant to challenge the prosecution's peremptory challenge of certain jurors during jury selection. In *U.S. v. Alcantar* the prosecutors had presented evidence to the court *ex parte* as to why they had excluded jurors. The defendant objected because he wanted to be able to rebut the prosecutor's evidence, but could not since it was presented *ex parte*. 897 F.2d 436, 439. On appeal the Ninth Circuit found that although the defendant had the burden to show that the challenge of the juror by the prosecutor was discriminatory (*Batson* error), when the prosecution provided *ex parte* rebuttal of that showing, the defendant should have been given the opportunity to challenge the government's evidence. Due process requires that the evidence be presented to the defense for the opportunity to rebut.

In a similar case Justice Kozinski held that it was not harmless error for the trial court to allow the prosecutor to provide evidence *ex parte* as to why a juror was excused by the prosecutor during voir dire. The defense had objected to the challenge of the juror claiming it was discriminatory. *U.S. v. Thompson*, 827 F.2d 1254 (9th Cir.). In its decision the court stated:

> The right of a criminal defendant to an adversary proceeding is fundamental to our system of justice. See *Nix v. Williams*, 467 U.S. 431, 454-55, 104 S.Ct. 2501, 2514-15, 81 L.Ed.2d 377 (1984) (Stevens, J., concurring in the judgment); see also *Pointer v. Texas*, 380 U.S. 400, 404-05, 85 S.Ct. 1065, 1068-69, 13 L.Ed.2d 923 (1965) (discussing right of confrontation and cross-examination)... Inquisitorial proceedings, where the judge takes an active role in ferreting out the truth, may be the

> rule elsewhere in the world, but they are decidedly alien to our way of thinking. Our judges usually have neither the time, nor the means, nor the training to investigate facts pertaining to the cases before them. Even on matters of law, our judges must rely heavily on counsel to come up with the arguments and citations supporting their respective positions.
>
> There are, to be sure, occasional departures from this norm. The district judge makes an ex parte review of the prosecution's evidence to determine whether it falls within the rule of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). See *United States v. Dupuy*, 760 F.2d 1492, 1501 (9th Cir.1985) (in camera review of plea bargain notes); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir.) (in camera review of Border Patrol report), cert. denied, 471 U.S. 1139, 105 S.Ct. 2684, 86 L.Ed.2d 701 (1985). Also, the district judge normally considers on an ex parte basis whether to reveal to the defense the identity of a government informant. See, e.g., *United States v. McLaughlin*, 525 F.2d 517, 519 (9th Cir.1975), cert. denied, 427 U.S. 904, 96 S.Ct. 3190, 49 L.Ed.2d 1198 (1976). But, as these examples illustrate, situations where the court acts with the benefit of only one side's presentation are uneasy compromises with some overriding necessity, such as the need to act quickly or to keep sensitive information from the opposing party. Absent such compelling justification, ex parte proceedings are anathema in our system of justice and, in the context of a criminal trial, may amount to a denial of due process.

*Id*. at 1258-1259.

## CONCLUSION

The defendant's right to have counsel appointed if she qualifies is a fundamental right. Although the law places the burden on the defendant to show she qualifies for court appointed counsel, that burden can be established by completion of the CJA Form 23. When, as in this case, the CJA Form asks for information protected by the Fifth Amendment, the CJA form can be sealed. If the government has information to assist the court in making its decision it can provide this but the defendant must be given the opportunity to answer. In this case, there is no national security interest or any other urgent necessity for keeping any information from the defendant. In fact, in order for this court to make a determination about eligibility for court appointed counsel, it must hear fully from the defendant regarding current financial status. Only the defendant is in a position to answer questions

about that status. She can only do that if she has the opportunity to be heard.

Dated: August 15, 2008                    Respectfully submitted,

                                          s/Deborah G. Levine

                                          DEBORAH G. LEVINE
                                          Attorney for Defendant
                                          NELDA ASUNCION