DEBORAH G. LEVINE, State Bar No. 57607
Law Offices of Deborah G. Levine
1299 Newell Hill Place, Suite 300
Walnut Creek, CA  94596
(925) 933-5100

Attorney for Defendant
NELDA ASUNCION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **CR-08-00477 DLJ** |
| Plaintiff, | DEFENDANT'S REPLY TO GOVERNMENT'S REQUEST TO DENY DEFENDANT RIGHT TO SEAL CJA 23 FORM |
| vs. | Date: August 26, 2008 |
| NELDA ASUNCION | Time: 10 a.m. |
| Defendant. | Dept.: Honorable Magistrate Judge Brazil |

### STATEMENT OF FACTS

Defendant has requested this Court to appoint counsel pursuant to 18 U.S.C. 3006(A) to represent her in the above pending criminal prosecution. She further requests that her application for appointment of counsel (form CJA 23) be submitted *ex parte* or under seal so that her Fifth Amendment rights are protected.

The government appears to have withdrawn its request for a government ex parte hearing to determine whether Ms. Asuncion is financially eligible to have counsel appointed.   The government is now requesting that it be permitted to participate in an adversary proceeding to determine this question. The cases cited by the government do not support their request.   What Ms. Asuncion is requesting is permissible and is required when there is a Fifth Amendment right attached to  her financial declaration

1

responses. The offer of immunity does not protect Ms. Asuncion in this case where the government wants to use her testimony as a tool in the preparation of their case.

## ARGUMENT

### I.   Nelda Asuncion has a Fifth Amendment Right to File CJA Form 23 Under Seal

As outlined in the brief filed by co-defendant Lagarejos, the facts in the Indictment in this case make clear that the Fifth Amendment rights of Ms Asuncion are implicated by the filing of Form CJA 23. Ms. Asuncion is charged in the Indictment with violations of 18 U.S.C. §1956(h) (Count Sixty-two) (Conspiracy to commit money laundering) 18 U.S.C. §1957 (Monetary transactions using criminally derived property)(Counts Sixty-three through ninety-eight). She is accused of engaging in financial transactions the source of which was illegal. Certainly to be required to give the government copies of her CJA 23 form which contains all her financial information would potentially lighten the prosecution's burden with regard to these offenses. Even an innocent person is entitled to have every element of the offenses charged proved beyond a reasonable doubt.

The government has cited several cases where defendants in tax evasion prosecutions have requested court appointed counsel but where the defendants have refused to fill out the CJA Form 23 or respond to inquiries made by the court. This is not the case here. Nelda Asuncion will file the Form 23 and respond to any inquiries the court has. But she only asks to do so in camera.

In none of the cases cited by the government did the court permit the government to call the defendant or ask questions of her in an adversary proceeding. (See *U.S. v. Ellsworth* 547 F.2d 1096 (9th Cir. 1976), where defendant refused to fill out CJA form fully; *U.S. v. Sarsoun* 834 F.2d 1358 (7th Cir. 1987) where the defendant was convicted of tax evasion and the case was tried pro se. He refused to give income information stating he disagreed with the definition of money and *U.S. v. Schmitz* 525 F.2d 793 (9th Cir. 1975) where the defendant was denied a free transcript on appeal because he did not provide adequate financial information to establish indigency)

### II.  The Government's offer of Immunity is Inapt

The granting of immunity is governed by 18 U.S.C.§§ 6002 and 6003. That statute states:

2

> ***"Whenever a witness refuses***, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to–**(1)** a court or grand jury of the United States, **(2)** an agency of the United States, or **(3)** either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,
> and the person presiding over the proceeding communicates to the witness an order issued under this title, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

18 U.S.C.§6002 (emphasis added).

Cases interpreting the proper use of immunity usually involve Grand Jury subpoenas. At times they involve other proceedings involving the testimony of **witnesses**. The purpose of having immunity statutes is to assist the government in the investigation and prosecution of crimes. *In re Grand Jury Proceedings* 586 F.2d 724 (9th Cir. 1978 ). If the government is using a grand jury subpoena and a grant of immunity solely to gather evidence against a defendant in another criminal case already indicted, that use of immunity is improper. *Id.* at 725 citing *U.S. v. Woods* 544 F.2d 242, 250 (6th Cir. 1976).

If it is improper to subpoena a witness to the grand jury solely to gather evidence in another criminal prosecution, it surely is improper for a prosecutor to call a defendant (or have access to her sworn declaration) in a pending prosecution in an adversary proceeding under the guise of an offer of immunity. Immunity would do no good for a defendant already being prosecuted. How would immunity protect the defendant in the very prosecution in which she is being called as a witness.

The plain language of the statute itself refers to a "witness" not a "defendant". The government can never call a defendant in a criminal proceeding. That is what the prosecutor essentially wants to do here: call Nelda Asuncion, the defendant, as a witness in an adversary proceeding. Immunity would be of no benefit since the defendant is already being prosecuted in relation to the very issues which the

3

government wishes to address in the adversary proceeding: Ms. Asuncion's financial status.

## CONCLUSION

The government has changed its position with regard to the defendant's request for court appointed counsel. It now wishes to participate in an adversary proceeding, a mini-trial where they would confront Ms. Asuncion's declaration regarding her finances. The court is in the best position to evaluate a defendant's ability to qualify for court appointed counsel. After receiving any evidence the government wishes to be considered, the court can make further inquiries of the defendant if necessary. Ms. Asuncion will present her CJA 23 Form to the court. If any defendant is not honest in responding to the CJA Form 23 questions, they can be prosecuted. If a defendant is not eligible for court appointed counsel he or she can be denied this request.

Dated: August 20, 2008                                    Respectfully submitted,


                                                          s/Deborah G. Levine
                                                          
                                                          DEBORAH G. LEVINE
                                                          Attorney for Defendant
                                                          NELDA ASUNCION