MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7200
 Facsimile: (415) 436-7234
 E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-00477-4 DLJ |
| v. | UNITED STATES' OPPOSITION TO DEFENDANT'S *PRO SE* MOTION TO TERMINATE SUPERVISED RELEASE |
| CRISTETA LAGAREJOS, | |
| Defendant. | |

 The United States of America, by and through its attorney of record, respectfully opposes defendant Cristeta Lagarejos' *pro se* motion for early termination of her supervised release. Defendant has been on supervised release for less than 20 months of her 60-month term, which is not scheduled to expire until October 28, 2018.

I. **BACKGROUND**

 On July 17, 2008, in *United States v. Edith Nelson et al.*, CR 08-00477 DLJ, the grand jury returned a 126-count indictment charging defendant Cristeta Lagarejos ("defendant") and three co-defendants with multiple counts related to mortgage loan fraud and money laundering. Specifically, defendant Lagarejos was charged with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349 (count one); Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) and (2) (counts 24

through 31); Wire Fraud, in violation of 18 U.S.C. § 1343 (counts 58 to 61); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1343 (count 62); and Monetary Transactions Using Criminally Derived Property, in violation of 18 U.S.C. § 1957(a) (counts 99 to 113).

On February 3, 2012, defendant entered guilty pleas to Conspiracy to Commit Bank Fraud and Wire Fraud (count one) and Monetary Transactions Using Criminally Derived Property (count 103). Under a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, defendant agreed to 18 months in prison, five years of supervised release, $7,500 fine, $318,500 in restitution, $200 special assessment, and 300 hours of community service.

On May 10, 2012, the Honorable D. Lowell Jensen, United States District Judge, sentenced the defendant consistent with the plea agreement.

After completing her term of imprisonment, defendant's supervised release commenced on October 29, 2013, and is not scheduled to expire until October 28, 2018.

## II.   GOVERNMENT'S ARGUMENTS

During the relevant period charged in the indictment, defendant Cristeta Lagarejos was a real estate agent and broker, and the owner of Realty World – The Legacy/Legacy Financing ("Legacy Financing"), a real estate and mortgage broker business in Pleasant Hill, California. Defendant used her special skills and position in the mortgage industry to participate in wide-reaching mortgage loan fraud and money laundering conspiracies. Through straw buyers, the defendants secured at least 63 fraudulent mortgage loans, totaling over $20 million in loan proceeds, from on or about December 23, 2002 through on or about January 8, 2007. In furtherance of this scheme, mortgage loan applications were prepared in the names of straw buyers that contained materially false and fraudulent statements such as employment information and grossly inflated income and assets intended to enhance the likelihood that the mortgage lenders would approve the loan applications. Defendant Cristeta Lagarejos and co-defendant Nelda Asuncion, also a real estate agent, determined the qualifying income that the lenders required for approval of mortgage loans and falsely placed that amount on the loan applications instead of the straw buyers' actual income.

As charged in count one, defendant Lagarejos secured at least twelve of the fraudulent mortgage loans, totaling over $3 million, for the purchase and/or refinance of real estate properties, and caused the disbursement of those funds from six escrow accounts of straw buyers. Defendant's role included, but

was not limited to, (i) recruiting straw buyers; (ii) preparing fraudulent loan applications and real estate documents in the names of straw buyers; (iii) processing loan packages and submitting them to financial institutions; (iv) instructing straw buyers to remit the proceeds of the property sales (wired from title companies) to co-defendant Edith Nelson; (v) receiving a disbursement from the escrow account of a straw buyer in the amount of $41,200; and (vi) receiving commissions that were paid to Legacy Financing from the escrow accounts.

Based upon an adjusted offense level of 21, and Criminal History Category I, defendant Lagarejos' applicable guideline range is 37 to 46 months in prison (PSR ¶ 92). However, in entering into a plea agreement for a stipulated sentence of 18 months in prison (less than half of the low end of the range), the government weighed the importance of securing restitution for the victims and defendant's agreement to the other aspects of her sentence, including five years of supervised release. That plea agreement was the result of extensive negotiations and quid-pro-quo concessions by the government and the defendant. But for that agreement, the government would have argued for a prison term within the applicable 37-to-46 month range. Having received the benefits of her plea agreement, it is inappropriate for defendant to now attempt to renege on her agreement for a five-year term of supervised release.

Further, as of June 3, 2015, defendant has only paid $2,750 of her total restitution of $318,500 (*see* Attachment A), and has paid none of her $7,500 fine (which is normally paid after restitution has been paid in full).[1] Defendant's supervised release is an incentive for her to continue to make the restitution payments. In addition, given the serious nature of defendant's financial crimes, her special conditions of supervision include that "defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer." The purpose of that special condition is to protect the public from additional financial fraud by this defendant.

---

[1] Defendant's probation officer advised government's counsel that defendant's total payment is $2,750, including $200 special assessment, as set forth in "Offender Payment History" (*see* Attachment A). The probation officer further stated that, the difference between defendant's total payment of $2,750 and the "Total Collected" of $2,908.21 in the "Summary Debt Balances" section of Attachment A represents joint and several payment of $158.21 by a co-defendant. In their respective plea agreements, all four defendants agreed to pay restitution in the following amounts: co-defendants Edith and Ronald Nelson ($5,223,476.90 plus interest and penalties on the restitution owed for income tax evasion); co-defendant Nelda Asuncion ($2,838,868.50); and defendant Cristeta Lagarejos ($318,500).

In committing the offenses of conviction, defendant was motivated by greed and financial gain. Defendant's assertions that early termination of her supervised release will save taxpayers' monies, and reduce the likelihood of her recidivism, are disingenuous, self-serving statements that should be summarily rejected (Defendant's Motion, pp. 5-6). To investigate and prosecute the defendant's criminal activities required the expenditure of enormous resources – and defendant did not care about the taxpayers' monies or the loss of funds by the financial institutions that she defrauded.

In her motion, defendant fails to mention that the U.S. Department of Homeland Security ("DHS") in Washington, D.C., initiated a debarment action to exclude her from federal programs for a period of five years (*see* Attachment B). In recommending a departure from the general three-year period of debarment, DHS cited to the "egregiousness" of defendant's "misconduct" (Attachment B, p. 4). As set forth in DHS' supporting memorandum, "Ms. Lagarejos' criminal misconduct was ongoing over a period of more than four years. Ms. Lagarejos' criminal conduct caused actual harm. By defrauding federally insured financial institutions, Ms. Lagarejos caused great harm to taxpayers and has greatly burdened the government. The extent of the harm she caused is evidenced by her required restitution payment of $318,500.00. Ms. Lagarejos played a primary role in the criminal misconduct, and her repeated misconduct demonstrated her flagrant disregard for the laws and justice system of the United States . . ." (Attachment B, p. 2).

Finally, defendant claims that "I have been transferred to low security supervision by the USPO and receive no objections to this termination attempt by my supervising officer other than standard USPO district policy to not overtly recommend such action" (Defendant's Motion, p. 4). Defendant's assigned probation officer has advised the undersigned Assistant United States Attorney that he did not tell the defendant that he had "no objections to this termination" and further advised that defendant has not been transferred to low security supervision.

**CONCLUSION**

The United States respectfully submit that defendant's motion should be denied and she should be required to serve the five-year term of supervised release pursuant to the parties' binding agreement and imposed by the district court judge as part of her sentence.

DATED: June 19, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
DEBORAH R. DOUGLAS
Assistant United States Attorney

# ATTACHMENT A

Defendant Cristeta Lagarejos' Payment History

## Case

US V NELSON ET AL

DCAN408CR000477-004CRISTETA LAGAREJOS

Party Code:

PTY14466

Comments:

## Summary Debt Balances

| Debt Type | Case Number | Total Imposed | Total Collected | Total Outstanding |
|---|---|---|---|---|
| FINE-CRIME VICTIMS FUND | DCAN408CR000477-004 | $7,500.00 | $0.00 | $7,500.00 |
| SPECIAL PENALTY ASSESSMENT | DCAN408CR000477-004 | $200.00 | $200.00 | $0.00 |
| VICTIM J&S RESTITUTION | DCAN408CR000477-A | $318,500.00 | $2,708.21 | $315,791.79 |
| Totals | | $326,200.00 | $2,908.21 | $323,291.79 |

## Offender Payment History

| Date | Penalty Type | Case Number | Paid |
|---|---|---|---|
| 06/03/2015 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 05/05/2015 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 04/06/2015 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 03/05/2015 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 02/03/2015 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 01/06/2015 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 12/03/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 11/03/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $300.00 |
| 09/30/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $300.00 |
| 09/05/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 08/07/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 07/10/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 06/03/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 05/15/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $50.00 |
| 05/07/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 04/02/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 03/04/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 02/06/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 01/07/2014 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 12/16/2013 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 12/10/2013 | VICTIM J&S RESTITUTION | DCAN408CR000477-A | $100.00 |
| 06/11/2013 | VICTIM J&S RESTITUTION(BOP) | DCAN408CR000477-A | $25.00 |
| 03/11/2013 | VICTIM J&S RESTITUTION(BOP) | DCAN408CR000477-A | $25.00 |
| 12/11/2012 | VICTIM J&S RESTITUTION(BOP) | DCAN408CR000477-A | $25.00 |
| 09/11/2012 | VICTIM J&S RESTITUTION(BOP) | DCAN408CR000477-A | $25.00 |
| 05/21/2012 | SPECIAL PENALTY ASSESSMENT | DCAN408CR000477-004 | $200.00 |
| Total Paid | | | $2,750.00 |

## ATTACHMENT B

Department of Homeland Security's Memo and Notice (dated 9/19/14) of Proposed Debarment

U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

MEMORANDUM FOR:   Randolph W. Sawyer
                  ICE Suspension and Debarment Official

FROM:             Suspension and Debarment Division   DR

SUBJECT:          Action Referral Memorandum for the Issuance of Notice of
                  Proposed Debarment of:

                  **Cristeta Lagarejos**
                  SD Case No. 2014-0702-004-A
                  - 18 U.S.C. § 1349, Conspiracy to Commit Bank Fraud and Wire Fraud; and,
                  - 18 U.S.C. § 1957(a), Monetary Transactions Using Criminally Derived Property

## I. PURPOSE:

The Suspension and Debarment Division (SD) recommends that the U.S. Immigration and Customs Enforcement (ICE) Suspension and Debarment Official (SDO) propose the debarment of the Respondent cited above under 2 C.F.R. pt. 180 as implemented by 2 C.F.R. pt. 3000; and, under 48 C.F.R. pt. 9 by way of reciprocity. This recommendation is based on a criminal conviction.

## II. RESPONDENT:

Cristeta Lagarejos

Ms. Lagarejos was a real estate agent and broker, and the owner of Realty World – The Legacy/Legacy Financing (Legacy Financing), a real estate and mortgage broker located in Pleasant Hill, California.

## III. NARRATIVE STATEMENT:

Beginning on or about December 23, 2002, and continuing until on or about January 8, 2007, Ms. Lagarejos conspired with others to devise and execute a scheme to defraud financial institutions to obtain money, credits, assets, securities, and other property by fraudulent pretenses. During this time, Ms. Lagarejos recruited straw buyers; prepared fraudulent load applications and real estate documents in the names of straw buyers; processed loan packages and submitted them to financial institutions; instructed straw buyers to remit the proceeds of

property sales, wired from the title companies, to one of her co-conspirators; received a disbursement from the escrow account of a straw buyer in the amount of $41,000.00 and received commissions that were paid to Legacy Financing from the escrow accounts.

Ms. Lagarejos and her co-conspirators secured through straw buyers at least twelve loans from financial institutions, totaling over $3 million in loan proceeds, disbursed from approximately six escrow accounts of straw buyers for the purchase and/or refinance of real estate properties.

Some of the financial institutions from which mortgages were fraudulently obtained were insured by the Federal Deposit Insurance Commission (FDIC). Other financial institutions from which mortgages were fraudulently obtained that were not FDIC insured wired the mortgage proceeds to the title companies through the Federal Reserve Bank's Fedwire Funds Transfer System (Fedwire).

On July 17, 2008, an Indictment was filed in the United States District Court for the Northern District of California, charging Ms. Lagarejos with violations of 18 U.S.C. § 1349, conspiracy to commit bank and wire fraud (Count 1); 18 U.S.C. §§ 1344(1) & (2) and 2, bank fraud and aiding and abetting (Counts 24-31); 18 U.S.C. §§ 1343 and 2, wire fraud and aiding and abetting (Counts 58-61); 18 U.S.C. § 1956(h), conspiracy to commit money laundering (Count 62); and 18 U.S.C. §§ 1957(a) and 2, monetary transaction using criminally derived property and aiding and abetting (Counts 99-113). Ms. Lagarejos pled guilty to Counts 1 and 113.

Judgment was entered on May 10, 2012, and Ms. Lagarejos was sentenced to eighteen months of imprisonment and ordered to pay a $200.00 assessment and a $7,500.00 fine. In addition, Ms. Lagarejos was ordered to make restitution in the amount of $318,500.00. Upon her release, Ms. Lagarejos shall be on supervised release for a term of five years on each of the two counts, to be served concurrently. While on supervised release, Ms. Lagarejos has been ordered to perform 300 hours of community service.

Through a search of the General Services Administration's System for Award Management (SAM), Ms. Lagarejos was not found to have any current or prior instances of being suspended, proposed for debarment, or debarred.

## IV. AGGRAVATING AND MITIGATING FACTORS:

In accordance with 2 C.F.R. §180.860, aggravating and mitigating factors in the administrative record are considered in making this recommendation.

The administrative record contains numerous aggravating factors in this matter. Ms. Lagarejos' criminal misconduct was ongoing over a period of more than four years. Ms. Lagarejos' criminal misconduct caused actual harm. By defrauding federally insured financial institutions, Ms. Lagarejos caused great harm to taxpayers and has greatly burdened the government. The extent of the harm she caused is evidenced by her required restitution payment of $318,500.00. Ms. Lagarejos played a primary role in the criminal misconduct, and her repeated misconduct demonstrated her flagrant disregard for the laws and justice system of the United States. Furthermore, Ms. Lagarejos never brought these illegal activities to the attention of the appropriate government agency.

SUBJECT: SD Case No. 2014-0702-004-A

The administrative record contains mitigating factors in this matter. Ms. Lagarejos accepted responsibility as evidenced by her guilty plea. Ms. Lagarejos cooperated with the Government during the investigation. Additionally, Ms. Lagarejos was not found to have any prior exclusions by the federal government for similar misconduct.

## V. NEXUS STATEMENT:

The purpose of this recommended action is not to punish, but is to protect the public interest and the integrity of federal programs by conducting business only with responsible persons. *See* 2 C.F.R. § 180.125(a). If a basis exists upon which to take action, an agency may exclude persons from federal programs who are not presently responsible. *See* 2 C.F.R. § 180.125(b). An agency may take action against any person who has been, is, or may reasonably be expected to be a participant in a covered transaction. *See* 2 C.F.R. § 180.150.

Specifically, the criminal statutes under which Ms. Lagarejos was convicted have a direct relationship to ICE's enforcement responsibilities. The incidents underlying the conviction call into question Ms. Lagarejos' present responsibility and therefore she poses a risk to the government. This criminal conviction further provides a basis upon which to propose debarment of Ms. Lagarejos. *See* 2 C.F.R. § 180.800(a)(4).

A "participant" is defined as "any person who submits a proposal for or who enters into a covered transaction, including an agent or representative of a participant." *See* 2 C.F.R. § 180.980. This part applies "if you are a person who has been, is, or may reasonably be expected to be, a participant or principal in a covered transaction." *See* 2 C.F.R. § 180.120(a). Ms. Lagarejos is a participant, as defined by 2 C.F.R. § 180.980, because she could reasonably be expected to receive federal assistance, loans or scholarships with the U.S. Federal Government as a participant, or as an agent for, or a representative of, a participant as defined under 2 C.F.R. § 180.910.

Although the matter underlying this proposed debarment did not arise on a federal procurement or assistance transaction, the incident underlying the conviction raises questions about the general business integrity, business honesty, and present responsibility of Ms. Lagarejos and is of legitimate interest to ICE. Since Ms. Lagarejos fits the definition of participant above and there is a basis upon which to take action against her due to her criminal conviction, it is in the government's best interest to protect itself and take this proposed action.

## VI. LEAD AGENCY:

This case has been coordinated with the Interagency Suspension and Debarment Committee (ISDC) to determine Lead Agency. No other agency objects to ICE proceeding as Lead Agency for this action. ICE has expertise in this subject matter.

## VII. REGULATORY BASIS:

Pursuant to 2 C.F.R. § 180.920(a), conviction means a judgment or any other determination of guilt of a criminal offense by any court of competent jurisdiction, whether entered upon a verdict or plea, including a plea of nolo contendere. Ms. Lagarejos's criminal conviction, as defined in 2 C.F.R. § 180.920(a), is cause for debarment under 2 C.F.R. § 180.800(a)(4).

3

SUBJECT: SD Case No. 2014-0702-004-A

## VIII. RECOMMENDATION:

Based on the administrative record, SD recommends the proposed debarment of Ms. Lagarejos. Furthermore, SD recommends a debarment period of five years. This recommendation is a departure from the general three year period of debarment but is appropriate and justified due to the egregiousness of the misconduct present in the administrative record. The duration of the criminal misconduct, the actual harm, her primary role in the criminal misconduct and her failure to notify the appropriate government agency, are all relevant and contribute to the length of the debarment recommendation. The recommended period of debarment will sufficiently protect the government from the risk that Ms. Lagarejos poses. Therefore, if we do not receive a response to the Notice of Proposed Debarment and debarment is imposed, it should be for a period of five years.

## IX. ATTACHMENTS:

A – Indictment
B – Judgment in a Criminal Case

## X. CONCURRENCE/NON-CONCURRENCE:

_RS_  Concurrence

____  Non-concurrence

SEP 1 9 2014

_____
Randolph W. Sawyer
ICE Suspension and Debarment Official

Date

4



U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536

U.S. Immigration
and Customs
Enforcement

SEP 1 9 2014

Cristeta Lagarejos


RE:  Notice of Proposed Debarment, SD Case No. 2014-0702-004-A

Dear Ms. Lagarejos:

On behalf of the U.S. Immigration and Customs Enforcement (ICE) Suspension and Debarment Division (SD), I have proposed you for debarment pursuant to the authority of, and the debarment procedures contained in, Title 2 of the Code of Federal Regulations (2 C.F.R.) pt. 180 as implemented by 2 C.F.R. pt. 3000; and, under Title 48 of the C.F.R. (48 C.F.R.) pt. 9 by way of reciprocity. For your reference, the C.F.R. may be located on the Internet at http://ecfr.gpoaccess.gov.

The enclosed Action Referral Memorandum (ARM) and its attachments set forth the basis for the proposed debarment under 2 C.F.R. § 180.800(a)(4). If you would like copies of any ARM attachments, please contact Denise Roberson at the e-mail address provided below.

Effect of Action

If you are ultimately debarred, you will be ineligible to receive certain federal assistance, loans and benefits (or contracts thereunder), or from participating as a principal, agent or key employee in those transactions. You will also be precluded from receiving any federal contract or approved subcontract, or to act as an agent or representative on behalf of another in such transactions. Your name will also be published in the General Services Administration's System for Award Management (SAM).

Debarment Period and Factors Considered

If a debarment is imposed, the period of debarment will be for a period commensurate with the seriousness of the cause(s). See 2 C.F.R. § 180.865(a). Generally, the period of debarment should not exceed three years; however, the government can impose a period of debarment more or less than the general three year period depending on the risk you pose to the government. I have determined that your case warrants a departure from the general three year period of debarment due to the egregiousness of the misconduct present in the underlying cause(s) in the administrative record. Based on the information before me, if we do not receive a response to this Notice of Proposed Debarment and debarment is imposed, it will be for a period of five years. Mitigating and aggravating factors, as described at 2 C.F.R. § 180.860, have been taken into account.

Notice of Proposed Debarment, SD Case No. 2014-0702-004-A

How to Contest this Action

If you wish to contest this action, you must first send a letter within 30 calendar days after receipt of this notice, stating in detail the reasons you believe debarment is not warranted and any mitigating factors you believe deserve consideration. For the government to fully consider these mitigating factors you should include documentary evidence demonstrating that you are presently responsible; otherwise we will only be able to give appropriate weight to your statements. In addition to any information and argument in opposition, you must identify the factors listed at 2 C.F.R. § 180.825. You may submit this information in person, in writing, or through a representative. If you designate a representative to respond on your behalf, please notify this office in writing of the identity of the representative. The designation should specifically state the name and address of all individuals or companies the designee has the authority to represent in this matter.

Due to increased security screening of standard U.S. mail, you are strongly encouraged to submit any information via e-mail or via overnight delivery. It is highly recommended that you submit your documentation via e-mail to: oaqsuspen@fins3.dhs.gov. If you decide to communicate through the United States Postal Service (USPS) or other overnight delivery service you should direct your communications to:

Office of Acquisition Management
Suspension and Debarment Director Denise Roberson
U.S. Immigration and Customs Enforcement
801 I Street NW STOP 5750
Washington, DC 20536-5750

If it is found that the information or argument submitted raises a genuine dispute over material facts, fact-finding may be conducted to determine the disputed facts. If you believe that any information contained in the ARM is incomplete or inaccurate in any material way, please provide the additional or correct information. Facts proved by conviction or civil judgment, however, are not subject to dispute in this debarment proceeding.

In addition to your written submission, you may meet with SD to further address the previously presented information or to provide further information about your present responsibility to perform under federal procurement or non-procurement awards. If you would like to schedule a meeting, please state this in your initial letter contesting this action. If you desire to meet, please remember that you must first make a complete written submission in response to this Notice within the 30-day period to avoid being in default and imposition of debarment without further proceedings. For more information about how to contest this notice, please see 2 C.F.R. pt. 180 generally, and, in particular, §§ 180.815 – 180.870.

Notice of Proposed Debarment, SD Case No. 2014-0702-004-A

It is important to note that debarment is not imposed for the purpose of punishment. It is a discretionary measure used to insure that the government conducts business with responsible persons. The determination whether to debar you will be made on the basis of the administrative record, together with any written materials submitted for the record by the government or you during the period of proposed debarment.

Sincerely,

*Randolph W. Sawyer*

Randolph W. Sawyer
ICE Suspension and Debarment Official

Enclosure

3

# CERTIFICATE OF SERVICE

*United States v. Cristeta Lagarejos*, CR 08-00477 DLJ

The undersigned Assistant United States Attorney hereby certifies that a copy of the herein United States' Opposition to Defendant's *Pro Se* Motion to Terminate Supervised Release was mailed first-class on June 19, 2015 to:

Cristeta Lagarejos
82 Mozden Lane
Pleasant Hill, CA  94523

Dated: June 19, 2015

DEBORAH R. DOUGLAS
Assistant United States Attorney